BENTON, Judge, with whom ELDER, Judge, joins,
dissenting.
On this appeal, Lawrence Wright contends that when the Commonwealth’s attorney proved by a police officer’s hearsay testimony that a search warrant affidavit contained an informant’s allegation that Wright sold cocaine, the trial judge erred in refusing to allow Wright’s counsel to cross-examine the officer to establish that the affidavit’s description of the seller was inconsistent with Wright’s physical appearance. The majority opinion effectively rewards the Commonwealth’s attorney for introducing evidence after she successfully requested the trial judge in limine to rule the evidence inadmissible. Such a decision is unfair and fails to employ the doctrine of curative admissibility in the precise circumstance for which the doctrine was intended. Therefore, I dissent and would reverse the conviction.
I.
The evidence proved that on October 29 and 30,1991, Police Investigator James N. Stevens recorded the serial numbers of four ten-dollar bills and gave them to an informant to purchase narcotics. The informant purchased cocaine at a residence on Jamaica Avenue in the City of Norfolk. The informant described the man who sold cocaine as “clean shaven” with “light brown skin.”
*11 Based upon these purchases, Officer Stevens prepared an affidavit containing the informant’s description of the seller and obtained a warrant to search the Jamaica Avenue residence. On October 31, the day following the last sale, the police searched the residence and found drugs and contraband in several places at the residence. Wright and four other adults, including Wright’s brother, were in the residence. The police arrested Wright and found the four marked bills and other money in Wright’s possession. Wright was photographed on the day of his arrest, October 31; he was neither clean shaven nor light skinned.
Wright was tried for possession of cocaine with intent to distribute. He pleaded not guilty and denied selling cocaine. Wright’s defense at the trial included the claim that the description of the person who possessed and sold cocaine was consistent with his brother’s physical characteristics. In his defense, Wright also proved that he did not live at the residence but that his brother did. The jury that considered this evidence at the first trial did not agree upon a verdict. The trial judge declared a mistrial and ordered a second trial.
Prior to the retrial, the Commonwealth’s attorney filed a written motion in limine requesting the trial judge to bar Wright from:
(1) presenting evidence regarding the identity of the person from whom the confidential informant purchased cocaine during the 72 hours preceding execution of the search warrant; and
(2) presenting evidence regarding the description ... provided by the confidential informant [and] ... recited by Inv. J.N. Stevens in his affidavit for search warrant;----
In its motion, the Commonwealth’s attorney asserted the following:
1. the issue of the propriety of the search was resolved against [Wright] following a hearing on his Motion to Suppress on March 12,1992;
*12 2. the issues regarding identity are actually questions of law to be resolved by the judge rather than questions of fact to be resolved by the jury;
3. [Wright] is not charged with having made the sales in question; therefore, [Wright’s] tactic requires the Commonwealth to prove uncharged misconduct. If the Commonwealth were to seek to prove uncharged misconduct, [Wright] would object. Fundamental fairness therefore requires that this motion be granted.
At the hearing on the motion, the Commonwealth’s attorney sought to prohibit the defense from introducing any statements made by the informant or within the affidavit because the informant’s physical description of the seller described the seller several days earlier and not at the time of Wright’s arrest. The Commonwealth’s attorney also argued that the description contained in the affidavit was hearsay. The trial judge granted the motion in limine and barred Wright from presenting evidence as to the affidavit’s identification and description of the person who sold cocaine. On the morning of the trial, the trial judge entered a written order and stated that, “I think that it is best in every trial to keep any hearsay out ... [and] that anything a confidential informant would have said to a police officer is certainly hearsay as part of the law.”
During the second trial, the Commonwealth’s attorney proved through Officer Stevens’ testimony that the police gave the informant money after recording the serial numbers. The police then directed the informant to enter the residence on Jamaica Avenue for the purpose of purchasing cocaine. Officer Stevens testified that following the “controlled buy,” he executed an affidavit for a search warrant, went to the residence several hours later, and searched the residence for cocaine. Officer Stevens further testified that he questioned Wright during the search. In response to the Commonwealth’s. attorney’s question, “What was the nature of your discussion in the bathroom?,” Officer Stevens testified that he told Wright “that he was named in the affidavit for the search warrant as the person who was selling drugs and that the only *13 other person named in the warrant was his Aunt Thelma and that she was mentioned only because she lived there or was listed as living there.”
Before Wright’s counsel began cross-examination of Officer Stevens, he again raised the issue of the limitation on cross-examination and argued that the Commonwealth attorney’s questions on direct examination permitted him to question Officer Stevens concerning the affidavit’s assertion that the seller was clean shaven and light skinned. In opposing the motion, the Commonwealth’s attorney did not assert that Officer Stevens’ direct testimony was inadvertent but, instead, argued that Wright’s counsel failed to object that Officer Stevens’ testimony was hearsay and that the remedy for that failure was not to allow further hearsay. The trial judge stated, “I don’t know that there’s any hearsay,” and ruled that Wright’s counsel was barred from examining Officer Stevens concerning the description of the seller contained in the affidavit.
Wright testified in his own defense. As in the first trial, he denied selling cocaine. Wright also testified that he was not sure where he obtained the marked money; however, he recalled that he had received money from his brother in return for giving change and from people in the neighborhood for doing odd jobs.
II.
“Under the ‘curative admissibility1 doctrine, the introduction of inadmissible or irrelevant evidence by one party justifies or ‘opens the door to’ admission of otherwise inadmissible evidence.” United States v. Brown, 921 F.2d 1304, 1307 (D.C.Cir.1990). The doctrine of “ ‘curative admissibility’ ... allows otherwise irrelevant and incompetent evidence to repair the damage caused by previously admitted incompetent inadmissible evidence.” Clark v. State, 332 Md. 77, 629 A.2d 1239, 1244 (1993) (citing 1 Wigmore on Evidence § 15 (3d ed. 1940)). “[T]he aim of curative admissibility is to give the party harmed by the introduction of inadmissible evidence an oppor *14 tunity to counter the inferences that may be drawn from that inadmissible evidence.” 1 Wigmore on Evidence § 15, at 749 (Tillers rev. ed. 1988).
The Supreme Court of Virginia adopted the doctrine of curative admissibility in Graham v. Commonwealth, 127 Va. 808, 103 S.E. 565 (1920). The accused in Graham elicited testimony from witnesses regarding a collateral matter, the use of certain profanity by a policeman. The Commonwealth did not object to the testimony and on rebuttal introduced evidence that the policeman was not in the habit of using profanity. Id. at 824, 103 S.E. at 570. Ruling the rebuttal evidence proper, the Supreme Court held that “ ‘[a] party who draws from his own witness irrelevant testimony, which is prejudicial to the opposing party; ought not to be heard to object to its contradiction on the ground of its irrelevancy.’ ” Id. at 825,103 S.E. at 570 (citation omitted). The Court noted that “[t]his [is] a well established exception” in the field of evidence. Id.
The Commonwealth asks this Court to sanction a trial practice that allowed one party to use hearsay evidence in contravention of a trial judge’s order that explicitly barred the opposing party from using the same evidence. The Commonwealth’s attorney was fully aware of the trial judge’s ruling barring the evidence because the Commonwealth’s attorney sought the ruling. The question of the admissibility of the evidence was thoroughly discussed by the judge, the Commonwealth’s attorney and defense attorney at a hearing and again immediately prior to the commencement of trial. Nevertheless, the Commonwealth’s attorney introduced hearsay evidence and then objected when Wright sought to use that same evidence on cross-examination to impeach the witness’s testimony. Wright properly argues that when the Commonwealth elicited Officer Stevens’ testimony on direct examination in contravention of the trial judge’s ruling, the trial judge was required to allow Wright to present evidence of a similar nature to counter the inadmissible evidence.
*15 Graham, allows “evidence from the opposing side in rebuttal of the immaterial testimony which has been thus admitted.” 127 Va. at 825, 108 S.E. at 570. The principle is well established that even if the opposing party’s counter evidence is hearsay, it is admissible under the general application of the doctrine of curative admissibility, see Corley v. Andrews, 349 S.W.2d 395, 403 (Mo.Ct.App.1961), because “the rule is that irrelevant, incompetent or illegal evidence may be admitted to rebut evidence of like character.” St. Clair County v. Bukacek, 272 Ala. 323, 131 So.2d 683, 690 (1961). See also Clark, 629 A.2d at 1244. Indeed, Wigmore states that “all the evidence that properly serves to counter the inferences generated by the original evidence should be admissible----” 1 Wigmore on Evidence, supra, § 15, at 750. Any other rule would result in manifest unfairness to the opposing party.
The majority asserts that a trial judge may not invoke the doctrine of curative admissibility if counsel intentionally fails to object in the hope that the door will be opened for inadmissible evidence. Nothing in Graham so limits the rule. Indeed, the Court noted in Graham that the prosecutor failed to object to the testimony. 127 Va. at 824, 103 S.E. at 570. Furthermore, Wright’s counsel was not the party who violated the trial judge’s ruling and he had no reason to anticipate that the Commonwealth’s attorney would have violated the ruling.
At trial, defense counsel stated that the testimony was unexpected and he did not object because he did not wish to call the jury’s attention to the evidence. Counsel’s reason for failing to object was explained at trial, was reasonable, and was apparently accepted by the trial judge. Moreover, during the Commonwealth’s attorney’s examination of Officer Stevens, the trial judge realized that she was violating the pretrial ruling because the trial judge indicated on the record that he “was waiting for an objection.” Even with that awareness, however, the trial judge did not stop the prosecutor from violating the order that was entered at the commencement of trial.
*16 The majority also finds irrelevant to the crime charged “whether appellant was named in the search warrant or was the person described in the affidavit.” I disagree. By proving that Wright was named in the affidavit, the Commonwealth made the physical description of Wright relevant to this issue of guilt. Officer Stevens testified on direct examination that he told Wright that Wright was named in the affidavit “as the person who was selling drugs.” Because Officer Stevens stated that, “[Wright] was named in the affidavit,” evidence of the affidavit’s description of the seller became vitally relevant to prove that the person described in the affidavit had identifying characteristics (clean shaven and light skinned) that did not describe Wright. Officer Stevens, in contravention of the trial judge’s ruling, branded Wright before the jury as a person who sold drugs and, thus, allowed the jury to draw the likely inference that Wright possessed and intended to distribute the drugs found in his aunt’s residence. Only by proving the affidavit’s identifying characteristics could the defense cure the unfair prejudice.
To remove the prejudice to Wright that flowed from the introduction of Officer Stevens’ hearsay testimony, Wright’s counsel should have been allowed to prove that the description of the person identified in the affidavit was inconsistent with Wright’s appearance. “It is not error to admit hearsay evidence when it serves to clarify other hearsay evidence elicited by the opposition.” Martinez v. State, 749 S.W.2d 556, 559 (Tex.Ct.App.1988); Brown, 921 F.2d at 1307 (introduction of inadmissible evidence by one party allows opposing party to introduce otherwise inadmissible evidence). In refusing Wright’s counsel the right to cross-examine Officer Stevens on the inconsistent description, the trial judge denied Wright the opportunity to rebut a misleading impression that flowed from the inadmissible evidence.
Wright had no other effective way to confront the prejudice that flowed from the Commonwealth’s ploy. It is likely that the jury would have concluded that Wright’s testimony or his aunt’s testimony was self-serving. Moreover, it is reasonable to conclude that the jury would place greater weight on the *17 identification by the informant than the testimony of a defendant’s witnesses. Indeed, the record proves that when the evidence of the affidavit’s description was considered by the jury in the first trial, the trial resulted in an outcome unfavorable to the Commonwealth.
Furthermore, on the direct examination of Officer Stevens, the Commonwealth’s attorney put at issue the contents of the affidavit. When that was done, Wright was entitled to prove the context in which the document described and named the person who sold cocaine. It is fundamental that “ ‘[w]hen part of a ... transaction is put in evidence, the opposite party may rightfully call for the whole of it, although the evidence was in the first place illegal.’ ” Stockard v. State, 391 So.2d 1060, 1064 (Ala.1980) (citation omitted). The Commonwealth may not pick and choose parts of the affidavit and then, prohibit the defense from introducing the remaining parts. The evidence is clear that Officer Stevens’ selective recitation of part of the affidavit had the potential to mislead because of the lack of context that arose by excluding the descriptions of “clean shaven” and “light skinned,” neither of which was descriptive of Wright. See Henderson v. United States, 632 A.2d 419, 426 (D.C.1993).
In sum, the trial judge’s ruling was fundamentally unfair, contrary to rules of evidence, and reversible error. Moreover, this Court should not sanction a party’s blatant violation of the trial judge’s ruling. The majority avoids employing the doctrine of curative admissibility by finding the prior identification extraneous to the question of guilt. The evidence clearly proves otherwise. Therefore, I would reverse the conviction and remand for a new trial.