**Mauro MARTINEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–87–00215–CR.

Court of Appeals of Texas, San Antonio.

March 31, 1988.

Steven J. Pickell, Kerrville, for appellant.

Ronald Sutton, Dist. Atty., Junction, for appellee.

Before BUTTS, REEVES and CHAPA, JJ.

## OPINION

CHAPA, Justice.

This is an appeal from a conviction of appellant, Mauro Martinez, for possession of heroin, less than 28 grams. After being convicted by a jury, the court sentenced the appellant to 16 years' confinement. We affirm.

The issues are

1) whether the evidence is sufficient to support the conviction based on the accomplice testimony; and

2) whether the trial court erred in overruling appellant's hearsay objection to the testimony of Officer Hierholzer.

In his initial complaint, appellant contends the evidence is insufficient to support the conviction. Appellant particularly argues that the corroborating evidence insufficiently supports the accomplice testimony

as required by TEX.CODE CRIM.PROC. ANN. art. 38.14 (Vernon 1979).

Generally, in reviewing the sufficiency of the evidence, the standard requires that we look at the evidence in the light most favorable to the prosecution and determine whether any rational trier of the facts could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Dickey v. State,* 693 S.W.2d 386, 387 (Tex.Crim.App. 1984) (en banc). The jury is the sole judge of the credibility of the witnesses, the weight to be given their testimony, and may accept or reject all or part of any witness' testimony. *Bowden v. State,* 628 S.W.2d 782, 784 (Tex.Crim.App.1982) (en banc).

■ However, cases involving the testimony of an accomplice witness are controlled by TEX.CODE CRIM.PROC.ANN. art. 38.14, which provides:

A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.

Thus, where a sufficiency of the evidence complaint is broad enough to attack the conviction both in general and on non-compliance with article 38.14, the reviewing court must, in fact, adopt a two prong standard of review. The reviewing court must 1) determine whether the corroborating evidence alone meets the requirements of article 38.14; and if so, 2) whether the corroborating evidence together with the accomplice testimony meets the general sufficiency of evidence standard.

■ In determining the initial requirement of such cases, the reviewing court must eliminate from consideration the evidence of the accomplice witness and then examine the corroborating evidence to ascertain if its incriminating character tends to connect the defendant with the commission of the offense charged. If the corroborating evidence does, the requirements of article 38.14 are satisfied and the

last prong will then be considered; otherwise, the point of error must be sustained. *Gamez v. State,* 737 S.W.2d 315 (Tex.Crim. App.1987); *Paulus v. State,* 633 S.W.2d 827 (Tex.Crim.App.1982) (on rehearing); *Walker v. State,* 615 S.W.2d 728 (Tex.Crim. App.1981); *Carrillo v. State,* 591 S.W.2d 876 (Tex.Crim.App.1979). However, the "more likely than not" test enunciated in *May v. State,* 618 S.W.2d 333 (Tex.Crim. App.1981) (en banc); *James v. State,* 538 S.W.2d 414 (Tex.Crim.App.1976); *Bentley v. State,* 520 S.W.2d 390 (Tex.Crim.App. 1975); and *Warren v. State,* 514 S.W.2d 458 (Tex.Crim.App.1974) has now been disavowed. *Gamez v. State, supra.*

■ Further, the corroborative evidence need not directly link the accused to the crime or be sufficient in itself to establish guilt as long as it tends to connect the accused to the commission of the offense involved. *Brooks v. State,* 686 S.W.2d 952 (Tex.Crim.App.1985) (en banc); *Eckert v. State,* 623 S.W.2d 359 (Tex.Crim.App.1981); *May v. State,* 618 S.W.2d 333. Therefore, if the corroborative evidence is sufficient, consideration of the accomplice testimony is then permissible in reaching the second requirement which involves the general sufficiency of evidence standard.

■ In this case, accomplice Lalita Ontiveros testified for the State after being granted immunity. The initial issue then clearly is whether the corroborative evidence alone in this record tends to connect the appellant to the commission of the offense charged. We agree it does.

Viewed in the light most favorable to the prosecution, the record reflects the following corroborative evidence tending to connect the appellant to the offense charged:

1) A confidential informant was furnished Texas Dept. of Public Safety money with recorded serial numbers in conjunction with a drug investigation by the Kerr County Sheriff's Department.

2) As a result of an alleged purchase of heroin at the Ybarra home, a search warrant was issued authorizing the search of the residence of Rosemary and Florencio Ybarra.

3) At the time the warrant was executed, Rosemary Ybarra, Lalita Ontiveros, and the appellant were in the Kitchen of the Ybarra home.

4) Bags of heroin were found in a purse belonging to Lalita Ontiveros, in a green overnight bag located in the closet of another room, and in a coat pocket of a coat belonging to Florencio Ybarra in another closet.

5) The green overnight bag also contained the registration papers of appellant's vehicle, a copy of a letter to the newspaper editor complaining about the alleged unjust conviction of appellant's brother for possession of heroin, and shaving plus other men's paraphernalia.

6) Appellant was in possession of $285.00 in cash which included some of the bills given to the confidential informant with the recorded serial numbers.

7) The deputy sheriff in charge of the search had received information that the Ybarras were selling heroin, and that their supply source was the appellant.

■ We hold that the record contains sufficient evidence to sustain the initial requirements under art. 38.14. Now we may consider the accomplice testimony together with the corroborating evidence to determine whether the general sufficiency of evidence requirement has also been met.

Ontiveros testified that

1) after overhearing a conversation about appellant making a drug connection in Del Rio, she went to a bar with the appellant for the purpose of making the pickup of the heroin;

2) she followed appellant's instructions, picking up the heroin in the bar, and placing it in the green overnight bag belonging to the appellant;

3) she also placed appellant's green overnight bag in the Ybarra home at appellant's request.

We hold that the record reflects sufficient evidence to justify any rational trier of the facts finding the essential elements of the crime beyond a reasonable doubt. The point is overruled.

■ In the last point of error, appellant contends the court erred in overruling his hearsay objection to the testimony of Officer Rusty Hierhelzer regarding information he had received indicating the appellant was the supply source of heroin to the Ybarras.

The record reflects the following:

[Defense Counsel] Q: All right. In fact at the time you obtained the warrant, you had no information whatsoever regarding Mr. Martinez [appellant]; is that correct?

[Hierholzer] A: I had prior information regarding Mr. Martinez, yes.

\*　　\*　　\*　　\*　　\*　　\*

[Defense Counsel] Q: Officer Hierholzer, again your information was that Rosemary Ybarra and Florencio Ybarra had been selling heroin and speed from that house; is that correct?

[Hierholzer] A: Yes sir.

[Defense Counsel] No further questions.

[Prosecution] Q: From that information that you had, what was their source of supply?

[Hierholzer] A: Mauro Martinez [appellant].

[Defense Counsel]: Object. Objection hearsay.

[Prosecution]: He opened it up and we drove right through it.

THE COURT: Overrule the objection.

Texas Rules of Criminal Evidence 107[1] provides:

When part of an act, declaration, conversation, writing or recorded statement is given in evidence by one party, the whole on the same subject may be inquired into by the other, ... When a detailed act, declaration, conversation, ... is given in evidence, any other act, declaration, ... which is necessary to make it fully understood or to explain the same may also be given in evidence....

■ It is not error to admit hearsay evidence when it serves to clarify other hearsay evidence elicited by the opposition.

1. Formerly TEX.CODE CRIM.PROC.ANN. art.　38.24.

**560**

*Jackson v. State*, 423 S.W.2d 322 (Tex. Crim.App.1968).

It is apparent from this record that the defense elicited the hearsay evidence for the purpose of creating the impression that the Ybarras were alone responsible for the heroin involvement without any contribution from the appellant. It was therefore proper and necessary for the prosecution to combat this impression by attempting to clarify the appellant's involvement with the Ybarras, through the same source.

We hold that under the circumstances, the admission of hearsay evidence over appellant's objections shows no reversible error. The last point of error is overruled.

The judgment of the trial court is affirmed.