William Swann BOYD, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–93–01082–CR.

Court of Appeals of Texas, Houston (14th Dist.).

May 4, 1995.

---

Larry Urquhart, Brenham, for appellant.

Jose Nino, Bellville, for appellee.

Before MURPHY, ANDERSON and HUDSON, JJ.

## OPINION

HUDSON, Justice.

Appellant was convicted by a jury of possession of a firearm by a felon. Finding that he was a habitual offender, the trial court assessed appellant's punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of 40 years. We affirm the judgment of the trial court.

On June 19, 1993, appellant failed to stop when Department of Public Safety Trooper

Mark Wuthrich attempted to detain him for a traffic offense. A high-speed chase ensued through several counties. When police finally succeeded in apprehending appellant, a .25 caliber pistol and a box of ammunition were found concealed beneath a T-shirt on the front passenger's seat. Because of his previous felony convictions, appellant was charged with possession of a firearm by a felon.

■ To establish appellant's status as a felon, the State offered penitentiary records showing appellant had been convicted of burglary of a motor vehicle on May 19, 1987. Harris County Sheriff's Deputy Lawrence Fizer testified that appellant was the person he arrested for burglary of a motor vehicle on April 29, 1987. Appellant asserts the State failed to show that the burglary alleged in the indictment is the same burglary investigated by Deputy Fizer. We disagree.

The indictment in this case alleged appellant had been "convicted of the felony offense on May 19, 1987, in cause number 474582 in the 248th District Court of Harris County, Texas, of Burglary of a Motor Vehicle with Intent to Commit Theft, being a felony involving an act of violence and threatened violence to a person and property." The State offered into evidence penitentiary records that show William Swann Boyd was convicted in cause number 474582, on May 19, 1987, in the 248th District Court of Harris County, Texas, of the offense of burglary of a motor vehicle with intent to commit theft. The allegations set forth in the indictment are facially identical with the information in the penitentiary records. Appellant's identity was directly established by the testimony of the State's witnesses, and his photograph was included in the penitentiary records.

Donald Sabrasula, the complainant in the burglary case, testified that he parked his 1986 Ford pickup at the Lakeside Airport in Harris County, Texas, on April 29, 1987.[1] Later that evening, the night watchman observed appellant sitting behind the wheel of

Sabrasula's truck. He also noticed that the passenger's window had been smashed, and he summoned the police. When Harris County Sheriff's Deputy Lawrence Fizer arrived on the scene, he noticed the cab of the truck had been ransacked and the interior was littered with broken glass. Deputy Fizer arrested appellant a short distance from the airport and returned him to the crime scene where he was identified by the night watchman as the man in Sabrasula's truck. When advised of his *Miranda* rights, appellant became angry, spat upon the deputy, and threatened to kill the deputy when he got out of jail. Deputy Fizer identified appellant both as the person he arrested for the burglary of Sabrasula's truck *and* the person named in penitentiary records.[2]

Reviewing the evidence in the light most favorable to the verdict, the jury could easily conclude beyond a reasonable doubt that the burglary investigated by Deputy Fizer was the same burglary described in the penitentiary records. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989). Additionally, there is ample evidence that the offense described in the penitentiary records was the same underlying felony offense alleged in the indictment. Appellant's first point of error is overruled.

■ In his second point of error, appellant complains the trial court should not have permitted Deputy Fizer to testify about appellant's violent behavior during his arrest for burglary of Sabrasula's truck. Appellant's counsel objected to the testimony on the ground that appellant's spitting and threats were "a separate incident away from the time of the crime scene." Appellant contends the burglary was complete when he left Sabrasula's pickup. Appellant further claims the subsequent assault on Deputy Fizer a quarter of a mile from the scene of the burglary was not admissible to establish the violent character of the burglary.[3]

---

1. The penitentiary records state that the burglary occurred on April 29, 1987.

2. State's exhibit number eight consists of penitentiary records which bear the same cause number as the underlying felony offense alleged in the State's indictment.

3. The State had to prove in this case that the burglary involved an act of violence. At the time

**374**

 The statute proscribing possession of firearms by convicted felons is intended to keep *violent* offenders from arming themselves and moving about the community. *Lucas v. State*, 791 S.W.2d 35, 64 (Tex.Crim. App.1989), vacated, —— U.S. ——, 113 S.Ct. 3029, 125 L.Ed.2d 717 (1993). "Because they have demonstrated a propensity toward violence, the State has a rational basis on which to restrict their possession of firearms in order to protect the general public." *Id.* Not every felony offense is, as a matter of law, "violent." Offenses against the person, for example, are usually crimes of violence per se.[4] Offenses against property, on the other hand, may or may not involve acts of violence.[5] In instances where the felony is not a crime of violence per se, the State must offer proof that the defendant committed some violent act in association with the felony.

Section 46.05 of the Penal Code formerly provided that the defendant's felony conviction had to "involve" an act of violence or threatened violence before he could be convicted of possession of a firearm by a felon. We find the concept of "involvement" is analogous to the abstraction paraphrased by the legislature in other statutes as "in the course

of committing." In other words, an offense "involves" an act of violence if the defendant acts violently "in the course of committing" the offense. Two penal statutes incorporate the phrase "in the course of committing." They are robbery and capital murder. *See* TEX.PENAL CODE ANN. §§ 19.03(a)(2) & 29.02(a) (Vernon 1994).

With regard to robbery, the phrase "in the course of committing theft" has been statutorily defined as "conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft." TEX.PENAL CODE ANN. § 29.01 (Vernon 1994). In the context of capital murder, the phrase has not been statutorily defined, but the court of criminal appeals has nevertheless accorded it a similar meaning.[6] If appellant was in immediate flight from the burglary at the time he threatened and spat upon Deputy Fizer, these acts were admissible as acts of violence associated with the burglary.

The record shows Deputy Fizer was dispatched on April 29, 1987, to the Lakeside Airport to investigate a report of a burglary of a motor vehicle. Deputy Fizer learned

---

of this offense, Section 46.05 of the Penal Code provided:

 (a) A person who has been convicted of a felony involving an act of violence or threatened violence to a person or property commits an offense if he possesses a firearm away from the premises where he lives.
 (b) An offense under this section is a felony of the third degree

Act of May 24, 1973, 62nd Leg., R.S., ch. 399, 1973 Tex.Gen.Laws 883, 964. This provision has now been amended and renumbered as Section 46.04 of the Penal Code. Act of May 29, 1993, 73rd Leg., R.S. ch. 900, § 1.01, 1993 Tex.Gen. Laws 3586, 3688.

Burglary is not the kind of crime which, by definition, involves acts of violence per se. *Schutz v. State*, 646 S.W.2d 224 (Tex.Crim.App. 1983). The determination of whether a burglary is a crime of violence depends on the specific facts and circumstances of each case. *Powell v. State*, 538 S.W.2d 617, 618 (Tex.Crim.App.), *cert. denied*, 429 U.S. 928, 97 S.Ct. 334, 50 L.Ed.2d 298 (1976).

4. *Ortega v. State*, 792 S.W.2d 145, 148–49 (Tex. App.—Amarillo 1990, pet. ref'd) (aggravated assault is, by definition, always a felony involving

violence); *Jernigan v. State*, 672 S.W.2d 280, 281 (Tex.App.—Dallas 1984, no pet.).

5. Arson and criminal mischief are always, as a matter of law, crimes of violence. *Hamilton v. State*, 676 S.W.2d 120, 121 (Tex.Crim.App.1984); *Brimberry v. State*, 774 S.W.2d 773, 776 (Tex. App.—Tyler 1989, no pet.). Whether burglary is a crime of violence depends on the underlying facts. Where the burglar enters a house through an unlocked door or window, breaks no property, and does not encounter the property owner, there are no violent acts. *See Gardner v. State*, 699 S.W.2d 831, 832–34, 836 (Tex.Crim.App. 1985) (describing facts leading to acquittal where there was no evidence of breaking in a burglary). Likewise, offenses like theft, credit card abuse, forgery, etc. are often perpetrated without acts of violence.

6. "The Court has held 'in the course of committing' an offense listed in V.T.C.A. Penal Code, § 19.03(a)(2), means conduct occurring in an attempt to commit, during the commission, or in the immediate flight after the attempt or commission of the offense." *Wooldridge v. State*, 653 S.W.2d 811, 816 (Tex.Crim.App.1983). *See also Duhamel v. State*, 717 S.W.2d 80, 82 (Tex.Crim.

from the night watchman that he had heard the sound of a car door closing at 2:10 a.m. The noise came from inside a covered hangar where Sabrasula had parked his truck. The watchman investigated and discovered a vehicle parked immediately behind Sabrasula's truck, and he saw appellant sitting inside the cab. While the record is silent as to the timetable of events, it is clear that when Deputy Fizer arrived at the airport and began his investigation, appellant and the mysterious vehicle which had been parked behind Sabrasula's truck had disappeared.

Deputy Fizer must have concluded his investigation and left the premises because the record reflects that he was called back to the airport. When he arrived, the night watchman reported that he had discovered the mysterious vehicle in a ditch a short distance from the airport. The night watchman told Deputy Fizer that he had encountered appellant and had escorted him to the south gate of the airport. Deputy Fizer found appellant, apparently on foot, near the south gate, approximately a quarter of a mile from the scene of the crime. It cannot be determined from the record how soon appellant's arrest occurred after the burglary of Sabrasula's truck. Regardless of how much time may have elapsed, a reasonable jury could have concluded from the evidence that appellant's flight from the crime scene had been frustrated when he drove his vehicle into a ditch. Trapped near the scene of his crime, appellant was still in the process of "fleeing" the scene when he was apprehended. *See Oggletree v. State,* 851 S.W.2d 367, 369–70 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd);[7] *Rabb v. State,* 681 S.W.2d 152, 154 (Tex. App.—Houston [14th Dist.] 1984, pet. ref'd).

Although the record does not reveal the precise amount of time which elapsed between the burglary and appellant's arrest,

appellant, for some unknown reason, remained in the vicinity of the burglary. From the evidence presented in this record, we believe a rational trier of fact could have concluded that (1) appellant's burglary of Sabrasula's truck was interrupted by the night watchman, (2) that appellant left the scene, (3) that while fleeing the scene, appellant had the misfortune of driving into a ditch, and (4) that before he could effect his escape, he was captured by Deputy Fizer.

The assault upon Deputy Fizer and the verbal threat of violence were contemporaneous with appellant's arrest. Since the arrest was made while appellant was still in the process of fleeing the crime scene, we hold that this conduct constitutes evidence of an act of violence which was "involved" in the commission of the burglary. Even if we found appellant's arrest occurred so far from the scene of the burglary that the acts of violence against the arresting officer were not "involved" in the commission of a burglary, the error would be harmless for the following reasons.

■■■ The State was not required to show that appellant committed acts of violence against a person. Acts of violence against property are sufficient to satisfy the requirements of the statute. This element of violence was established by evidence of the broken window on Sabrasula's truck. The violence and threat of violence directed toward the person of Deputy Fizer was not of critical importance to the State's case. If, as appellant contends, the spitting incident and appellant's verbal threats to Deputy Fizer were too far removed from the burglary to establish its violent nature, then Fizer's testimony constitutes evidence of an extraneous offense. The admission of an extraneous offense, if erroneous, is subject to a harm analysis.

---

App.1986); *Riles v. State,* 595 S.W.2d 858, 862 (Tex.Crim.App.1980).

7. In *Oggletree,* the defendant attempted to steal meat from a grocery store. Store employees captured an accomplice, but the defendant escaped. While waiting for the police to arrive, the defendant reentered the store and brandished a knife in an effort to free his accomplice. Although he had successfully evaded store employees, the court concluded the defendant was still

in the process of "fleeing" when he returned to the store and brandished the knife. The court wrote:

> He did not accomplish a successful escape; rather, for reasons unclear in the record, he remained in the vicinity and reappeared to attempt to liberate his confederate.... Appellant himself chose to continue his criminal episode by returning to assist his accomplice. *Oggletree v. State,* 851 S.W.2d at 369–70.

**376**

*Christopher v. State,* 851 S.W.2d 318, 320 (Tex.App.—Dallas 1993, pet. ref'd). The jury properly heard evidence that appellant was in possession of a firearm while fleeing from police across several counties at speeds in excess of 110 miles per hour on a major highway. That appellant may, in a collateral case, have spat on a police officer and threatened to harm him six years before seems almost insignificant in comparison with his egregious conduct in the primary offense. In light of the overwhelming evidence, we are persuaded beyond a reasonable doubt that the error, if any, did not adversely contribute to appellant's conviction or his punishment. Tex.R.App.P. 81(b)(2). Accordingly, appellant's second point of error is overruled.

■ In his third and fourth points of error, appellant argues that it was error for the trial court to permit introduction of testimony by Trooper Wuthrich that appellant was driving a stolen car when he was apprehended. Appellant contends that this testimony was inadmissible hearsay and, in the alternative, that it constitutes improper evidence of an extraneous offense. The record reflects appellant's counsel "opened the door" to this testimony during his cross-examination of Trooper Wuthrich. Appellant's counsel elicited testimony regarding the fact that (1) appellant was not the owner of the car, (2) an individual named Bruce Wittington was the registered owner of the vehicle, (3) Wittington lived in Austin, and (4) the pistol found on the front seat had no registered owner. Because appellant offered part of the contents of the trooper's conversation with his dispatcher into evidence, he cannot prevent introduction of the remainder. *See* Tex. R.Crim.Evid. 107. It appears appellant was attempting to suggest to the jury that the firearm belonged to the owner of the automobile, and appellant was unaware of the firearm's presence. This suggestion is plausible if appellant borrowed the automobile from a friend or acquaintance. The suggestion becomes considerably less probable if the vehicle was stolen. It is not error to admit hearsay evidence when it serves to clarify other hearsay evidence elicited by the opposition. *Martinez v. State,* 749 S.W.2d 556, 559 (Tex.App.—San Antonio 1988, no pet.). Therefore, the "extraneous offense" in this instance was admissible to rebut the suggestion that appellant had borrowed the automobile and was not aware of the existence of the firearm found underneath a T-shirt on the passenger's seat. *See Vasquez v. State,* 814 S.W.2d 773, 777 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd). Appellant's third and fourth points of error are overruled.

The judgment of the trial court is affirmed.