TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00278-CR







Clifford Johnny Rodgers, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 48,205, HONORABLE WILLIAM S. BLACK, JUDGE PRESIDING




 


 A jury found appellant Clifford Johnny Rodgers guilty of causing injury to a child. 
See Tex. Penal Code Ann. § 22.04 (West 1994). (1) The judge assessed punishment at thirty-four
years in prison and a $10,000 fine. By three points of error, appellant contends that: (1) the trial
court erred in allowing the State to elicit hearsay testimony; (2) the trial court erred in allowing
the State to elicit testimony concerning extraneous offenses; and (3) the grand jury did not use due
diligence in attempting to ascertain the type of weapon listed in the indictment as "object to the
grand jury unknown." We will overrule appellant's points of error and affirm the judgment.


FACTUAL BACKGROUND

 Appellant was indicted on December 17, 1997 for intentionally causing his three-month old son injury by using his hand, fist, and an unknown object to shake, strike, and squeeze
the infant about the head and chest. The State called several eyewitnesses--friends and neighbors
of appellant and his wife--who testified that appellant was verbally abusive to his wife and child. 
The State also called police officers to recount the events leading up to this arrest, and the events
leading up to a previous arrest. Finally, the State called two doctors who testified to the child's
injuries, and who further testified that the damage done to the child could not have resulted from
the events as described by the defendant in his statements to the police and at trial. Appellant took
the stand in his defense. He testified that when he picked up the baby's Evenflo Joyride car seat,
the seat malfunctioned and the baby fell out of the car seat, onto the side of the bed, and finally
landed on the floor.


DISCUSSION

 In his first point of error, appellant argues that certain testimony concerning the
Evenflo Joyride car seat should have been barred as hearsay. Robert Webster, a police officer,
took the stand for the State and testified about his investigation of the incident. During cross-examination, appellant's attorney elicited testimony that other Evenflo seats had been recalled for
malfunctions similar to that alleged by appellant. The State further questioned Officer Webster
about the carrier. In response to questioning, Officer Webster explained that he had done
additional research on the Evenflo car seats. He had spoken with an Evenflo representative who
explained that although they had problems with other car seat models, there had been no recalls
of the Joyride model. The State then elicited that Officer Webster had discussed the types of
injuries incurred when the locking mechanism failed and that none of those injuries resembled the
injuries of the baby in the case at bar. Appellant argues that the testimony concerning the
statements of the Evenflo representative was inadmissible hearsay.

 A similar issue was raised in Boyd v. State, 899 S.W.2d 371 (Tex. App.--Houston
[14th Dist.] 1995, no pet.). Boyd was convicted of possession of a firearm by a felon. In an
attempt to bolster Boyd's defense that the gun did not belong to him, the defense attorney elicited
testimony that showed Boyd was pulled over in a car that he did not own, and that the unregistered
pistol was found under a T-shirt on the front seat of the car. Boyd, 899 S.W.2d at 376. To
counter this evidence, the State introduced proof that the car was stolen. Id. On the theory that
the defense had opened the door through its questioning of the state trooper, and citing to Rule 107
of the Texas Rules of Criminal Evidence, (2) the trial court let the State introduce the evidence. Id. 
The court offered additional justifications for the introduction of the State's evidence: the court
determined that the defense should not be allowed to mislead the jury and further, in reliance on
Martinez v. State, (3) the court allowed the admission of hearsay evidence to clarify earlier hearsay
evidence proffered by the defendant. Id. (4)

 In this case, appellant's attorney bolstered his claim that the car seat malfunctioned
by eliciting testimony from Officer Webster that Evenflo car seats had malfunctioned in the past. 
To ensure the jury was not misled, the State on redirect questioned Officer Webster about the rest
of his conversation with the Evenflo representative. Appellant argues that this result was
inequitable because the testimony left the jury with the impression that there had never been a
failure of an Evenflo Joyride carrier. Appellant's attorney, however, made the distinction while
cross-examining Officer Webster. He confirmed repeatedly that Officer Webster could not speak
to all Evenflo Joyride malfunctions, and that he could only address those which had been reported
to the company.

 The admission or exclusion of evidence is a matter within the trial court's
discretion. See Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on
reh'g). A trial court's ruling will be overturned only if the ruling is so clearly wrong that it lies
outside the zone of reasonable disagreement and probably caused the rendition of an improper
judgment. See id. Applying this standard and for the reasons enumerated by the Boyd court, we
overrule appellant's first point of error.

 In a second point of error, appellant argues that the trial court erred in allowing the
State to cross-examine appellant about physical violence against his wife and a prior conviction
for assault. During direct examination appellant acknowledged that he and his wife argued, but
he testified that the verbal arguments never resulted in physical abuse. On cross-examination,
appellant admitted that he had a conviction for assault. Appellant further admitted that the police
had been called on July 30, 1997, to quell an argument between appellant and his wife, although
both had declined to file charges. As rebuttal, the State called two witnesses, appellant's wife's
supervisor and a police officer. The supervisor testified to several occasions on which appellant's
wife came to work with a black eye and bruised arms. The police officer testified that he
investigated the assault involving appellant and his wife. At that time the officer had observed
injuries to the wife. (5) Appellant contests only the admissibility of the alleged acts of physical
violence against his wife.

 Appellant argues that the testimony elicited during the State's cross-examination of
him was highly inflammatory, and appellant did not open the door for this impeachment through
his direct testimony. Appellant further contends that the State's rebuttal evidence was solely
intended to show bad moral character and was therefore barred by the Texas Rules of Evidence. 
See Tex. R. Evid. 608.

 At trial, appellant objected to the introduction of the evidence of domestic violence
as extraneous offense evidence barred by Rule 403 and Rule 404(b) of the Rules of Evidence. See
Tex. R. Evid. 403, 404(b). On appeal, appellant argues that this evidence should not have been
admitted because it was not a felony conviction or a crime involving moral turpitude. See Tex.
R. Evid. 608, 609. Texas rules of evidence require timely, specific objections to preserve
evidentiary rulings for review on appeal. See Tex. R. Evid. 103(a)(1); Tex. R. App. P.
33.1(a)(1). An objection on appeal that does not comport with the objection made at trial
preserves nothing for appellate review. See Fuller v. State, 827 S.W.2d 919, 928 (Tex. Crim.
App. 1992); Thomas v. State, 723 S.W.2d 696, 700 (Tex. Crim. App. 1986). Thus, appellant
failed to preserve any error for review.

 In any event, assuming appellant has preserved error, both the cross examination
of the defendant and the officer's direct testimony were permissible because appellant opened the
door to the rebuttal testimony by testifying that he and his wife had only verbal arguments, and
that no physical violence was involved. See Ramirez v. State, 802 S.W.2d 674, 676 (Tex. Crim.
App. 1976); Nelson v. State, 503 S.W.2d 543, 545 (Tex. Crim. App. 1974). The general rule is
that a party is not allowed to impeach a witness on a collateral matter. See Ramirez, 802 S.W.2d
at 676. While the State was not entitled to rely on evidence of an arrest that did not result in a
final conviction, (6) there is an exception to the general rule: "[w]hen a witness leaves a false
impression concerning a matter relating to his or her credibility, the opposing party is allowed to
correct that false impression." Id. Appellant created the false impression that there had been no
physical altercations with his wife, and the State was entitled to correct that impression with
collateral evidence. Moreover, the trial court provided limiting instructions as to the proper
purpose of this evidence both before the State's cross-examination of appellant and the officer's
rebuttal testimony. We overrule appellant's second point of error.

 In his third point of error appellant alleges that the grand jury did not show due
diligence in attempting to ascertain the identity of the "object to the grand jury unknown," listed
as a "deadly weapon" in the indictment. It is only where the evidence reveals the object is known
and the conviction depends on it that grand jury diligence becomes an issue that must be proved. 
See Matson v. State, 819 S.W.2d 839, 847 (Tex. Crim. App. 1991). In the case at bar, the
testimony at trial demonstrated that the crime was accomplished by use of the hands, fist, or
weapon unknown. The jury only needed to find appellant guilty of using one of those methods
for the conviction to be upheld, and the testimony of both doctors provided ample circumstantial
proof of battering with hands and fists. See Kitchens v. State, 823 S.W.2d 256, 259 (Tex. Crim.
App. 1991). Based on the State's evidence, the jury could have found appellant guilty of causing
serious bodily injury to a child with his hand or his fist. It was not necessary for the jury to find
that an object unknown to the grand jury was used. Moreover, appellant does not challenge the
sufficiency of the evidence.

 In addition, the State did fulfill the due diligence requirement by calling one of the
grand jurors to testify that the grand jury had questioned the investigating officer. This evidence
was enough to meet their burden under the standard set forth in Payne v. State, 487 S.W.2d 71,
74 (Tex. Crim. App. 1972). We overrule appellant's third point of error and affirm the judgment.



 

 Jan Patterson, Justice

Before Chief Justice Aboussie, Justices Kidd and Patterson

Affirmed

Filed: March 25, 1999

Do Not Publish

1. "A person commits an offense if he intentionally, knowingly, recklessly, or with criminal
negligence . . . causes to a child . . . (1) serious bodily injury; (2) serious mental deficiency,
impairment, or injury; or (3) bodily injury." Tex. Penal Code Ann. § 22.04(a) (West 1994).
2. "When part of an act, declaration, conversation . . . is given in evidence by one party, the
whole on the same subject may be inquired into by the other, and any other act, declaration . . .
which is necessary to make it fully understood or to explain the same may also be given in
evidence . . . ." Tex. R. Evid. 107.
3. 749 S.W.2d 556, 559 (Tex. App.--San Antonio 1988, no pet.).
4. See also Jackson v. State, 423 S.W.2d 322, 323 (Tex. Crim. App. 1968); Austin v. State,
712 S.W.2d 591, 594 (Tex. App.--Tyler 1986, no pet.).
5. We need not address (1) appellant's assault conviction because all parties at trial agreed it
was admissible; (2) the issue of circumstances surrounding appellant's dismissal from the Marines,
since the State did not mention it at trial; or (3) the testimony of the wife's employer, since
appellant does not appear to raise it on appeal. This leaves the testimony of appellant and the
police officer.
6. Tex. R. Evid. 609.


76 (Tex. Crim.
App. 1976); Nelson v. State, 503 S.W.2d 543, 545 (Tex. Crim. App. 1974). The general rule is
that a party is not allowed to impeach a witness on a collateral matter. See Ramirez, 802 S.W.2d
at 676. While the State was not entitled to rely on evidence of an arrest that did not result in a
final conviction, (6) there is an exception to the general rule: "[w]hen a witness leaves a false
impression concerning a matter relating to his or her credibility, the opposing party is allowed to
correct that false impression." Id. Appellant created the false impression that there had been no
physical altercations with his wife, and the State was entitled to correct that impression with
collateral evidence. Moreover, the trial court provided limiting instructions as to the proper
purpose of this evidence both before the State's cross-examination of appellant and the officer's
rebuttal testimony. We overrule appellant's second point of error.

 In his third point of error appellant alleges that the grand jury did not show due
diligence in attempting to ascertain the identity of the "object to the grand jury unknown," listed
as a "deadly weapon" in the indictment. It is only where the evidence reveals the object is known
and the conviction depends on it that grand jury diligence becomes an issue that must be proved. 
See Matson v. State, 819 S.W.2d 839, 847 (Tex. Crim. App. 1991). In the case at bar, the
testimony at trial demonstrated that the crime was accomplished by use of the hands, fist, or
weapon unknown. The jury only needed to find appellant guilty of using one of those methods
for the conviction to be upheld, and the testimony of both doctors provided ample circumstantial
proof of battering with hands and fists. See Kitchens v. State, 823 S.W.2d 256, 259 (Tex. Crim.
App. 1991). Based on the State's evidence, the jury could have found appellant guilty of causing
serious bodily injury to a child with his hand or his fist. It was not necessary for the jury to find
that an object unknown to the grand jury was used. Moreover, appellant does not challenge the
sufficiency of the evidence.

 In addition, the State did fulfill the due diligence requirement by calling one of the
grand jurors to testify that the grand jury had questioned the investigating officer. This evidence
was enough to meet their burden under the standard set forth in Payne v. State, 487 S.W.2d 71,
74 (Tex. Crim. App. 1972). We overrule appellant's third point of error and affirm the judgment.



 

 Jan Patterson, Justice

Before Chief Justice Aboussie, Justices Kidd and Patterson

Affirmed

Filed: March 25, 1999

Do Not Publish

1. "A person commits an offense if he intentionally, knowingly, recklessly, or with criminal
negligence . . . causes to a child . . . (1) serious bodily injury; (2) serious mental deficiency,
impairment, or injury; or (3) bodily injury." Tex. Penal Code Ann. § 22.04(a) (West 1994).
2. "When part of an act, declaration, conversation . . . is given in evidence by one party, the
whole on the same subject may be inquired into by the other, and any other act, declaration . . .
which is necessary to make it fully understood or to explain the same may also be given in
evidence . . . ." Tex. R. Evid. 107.
3. 749 S.W.2d 556, 559 (Tex. App.--San Antonio 1988, no