NO. 07-04-0498-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JANUARY 6, 2005



______________________________




KENNETH KENNEDY AND TWILA AUFILL, INDEPENDENT EXECUTRIX


OF THE ESTATE OF JACK L. AUFILL, DECEASED, APPELLANTS



V.



V'RHETT WILLIAMS, APPELLEE




_________________________________



FROM THE 72ND DISTRICT COURT OF CROSBY COUNTY;



NO. 5670; HONORABLE J. BLAIR CHERRY, JR., JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

ORDER OF SEVERANCE


 Appellants Twila Aufill, Independent Executrix of the Estate of Jack L. Aufill,
Deceased, and Kenneth Kennedy filed separate notices of appeal challenging the trial
court's judgment in favor of appellee V'Rhett Williams. Pending before this Court is Aufill's
motion to dismiss her appeal by which she represents that all matters in controversy
between her and Williams have been settled. Aufill represents, however, that appellant
Kenneth Kennedy is not a party to the motion to dismiss and requests a severance.

 Accordingly, we now sever the appeal between Twila Aufill as Independent Executrix
of the Estate of Jack L. Aufill, Deceased, and appellee V'Rhett Williams into cause number
07-05-0001-CV for consideration of the motion to dismiss. The appeal between appellant
Kenneth Kennedy and appellee V'Rhett Williams remains pending in cause number 07-04-0498-CV and will proceed in due course. 

 It is so ordered.

 Per Curiam


 



mily: 'Arial', sans-serif">Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant, Derrick Gutierrez, appeals his conviction for the offense of injury to a child
and sentence of 18 years incarceration in the Institutional Division of the Texas
Department of Criminal Justice. We affirm.
Background
          Appellant’s five month old son died on March 4, 2006, while being watched by
appellant. Appellant called 911 for medical assistance for his son. When police arrived
at the scene, Travis County Deputy Sheriff Mitch White said that he smelled a strong odor
of marijuana in the house. Appellant’s son was treated at the scene by emergency medical
technicians and was ultimately taken to the hospital for further medical treatment. Three
days after the child was admitted into the hospital, he died.
          Medical examination of the child revealed symptoms consistent with shaken baby
syndrome. As a result of this assessment, Travis County Sergeant Doug Teague
interviewed appellant at the hospital regarding the circumstances leading to the 911 call. 
Appellant told Teague that the baby began to spit up his formula and that he was gagging
and turning red, like he was choking. Appellant told Teague that he began to shake the
baby in an attempt to wake the baby up. An autopsy was performed on the body of the
child by Travis County Deputy Medical Examiner, Elizabeth Peacock. The autopsy report
concluded that the cause of the child’s death was “cranio-cerebral trauma.”
          Appellant was subsequently indicted by the grand jury for the offenses of capital
murder and injury to a child. At trial, the State offered expert testimony that the injuries
suffered by appellant’s son were not consistent with gentle shaking, but were rather
consistent with violent shaking or impact with an unknown surface. The jury acquitted
appellant of capital murder, rejected the lesser-included offense of recklessly causing injury
to a child, and convicted appellant of intentionally or knowingly causing injury to a child.
          During the punishment phase of trial, the State presented evidence that appellant
had been arrested for possession of cocaine approximately two and a half years before the
injury to a child incident occurred. Appellant then presented evidence that he had been
allowed to participate in a pre-trial diversionary program, called the SHORT program. 
Through the social service program coordinator for the SHORT program, Corrine
Hernandez, appellant presented evidence of what was required to successfully complete
the SHORT program and that he had successfully completed the program. Among the
requirements of the SHORT program that were specifically addressed was that participants
must submit to random urinalysis tests and have a certain number of negative urinalysis
test results. Prior to taking Hernandez on cross-examination, the State approached the
bench and arguments were presented regarding whether evidence of appellant’s failed
urinalysis tests while participating in the SHORT program could be admitted. The State
argued that appellant had opened the door to this evidence by presenting evidence of the
requirements of the SHORT program and that appellant had successfully completed the
program. Appellant objected because the urinalysis tests were only presumptive tests that
do not have the “forensic value” to be proven beyond a reasonable doubt. The trial court
overruled appellant’s objection stating that the jury could find that appellant presumptively
tested positive beyond a reasonable doubt and that the probative value of the evidence
outweighs the prejudicial effect. Following this ruling, the State elicited testimony from
Hernandez that appellant had failed seven urinalysis tests during his participation in the
SHORT program. Appellant then rehabilitated the witness by eliciting testimony that
appellant’s failed urinalysis tests had all been from early in his participation in the program
and that certain drugs can stay in a person’s system for an extended amount of time. At
the conclusion of punishment, appellant was sentenced to 18 years incarceration.
          By one issue, appellant contends that the trial court erred in admitting evidence that
appellant failed urinalysis tests during the punishment phase of trial because there was no
predicate presented to establish the accuracy and reliability of the tests to prove actual
drug use.
Law and Analysis
          A trial court’s decision to admit evidence is reviewed under an abuse of discretion
standard. Allen v. State, 108 S.W.3d 281, 284 (Tex.Crim.App. 2003). A reviewing court
should not reverse a trial judge’s decision whose ruling is within the zone of reasonable
disagreement. Green v. State, 934 S.W.2d 92, 102 (Tex.Crim.App. 1996). A trial court’s
ruling on admissibility should not be disturbed simply because the appellate court might
have decided a question differently. Montgomery v. State, 810 S.W.2d 372, 391
(Tex.Crim.App. 1990) (op. on reh’g). If evidence is admissible for any purpose, the trial
court's action in admitting it is not error, regardless of the reason given by the trial court for
admitting the evidence. Sewell v. State, 629 S.W.2d 42, 45 (Tex.Crim.App. 1982).
          During the punishment phase of a criminal trial, the State may offer into evidence
any matter the trial court deems relevant to sentencing. See Tex. Code Crim. Proc. Ann.
art. 37.07, § 3(a)(1) (Vernon Supp. 2006). Such “bad acts” evidence may include the
defendant’s prior criminal record, his general reputation, his character, or circumstances
of the offense for which he is being tried. Id. However, such “bad acts” evidence must be
proven to be attributable to the defendant beyond a reasonable doubt. Id.; Haley v. State,
173 S.W.3d 510, 515 (Tex.Crim.App. 2005). Whether an extraneous offense or bad act
was established to be attributable to the defendant beyond a reasonable doubt is a
question of fact for the jury as opposed to the preliminary question of admissibility for the
trial court. Mitchell v. State, 931 S.W.2d 950, 953 (Tex.Crim.App. 1996); Nanez v. State,
179 S.W.3d 149, 151-52 (Tex.App.–Amarillo 2005, no pet.). The use of extraneous
offenses during the punishment phase is analogous to that of the guilt-innocence phase
of a trial in regard to the burden of proof. Mitchell, 931 S.W.2d at 954. When evidence of
an extraneous offense has been offered, regardless of the respective phase of the trial, the
law requires that it be proved beyond a reasonable doubt that the defendant committed the
extraneous offense or is, at least, criminally responsible for its commission. Id. When the
evidence of an extraneous offense or bad act is legally insufficient to allow a rational trier
of fact to find that the defendant committed the offense or act beyond a reasonable doubt,
a preliminary determination that the evidence is admissible is an abuse of discretion. See
Stewart v. State, 927 S.W.2d 205, 208 (Tex.App.–Fort Worth 1996, writ ref’d). 
          In the present case, Hernandez testified that she was not employed with the SHORT
program at the time that appellant was in the program. Her testimony made clear that all
of her information on appellant’s performance in the program was based on the reports in
the SHORT program’s file. Specifically, Hernandez’s testimony regarding appellant’s
urinalysis results was that appellant tested positive seven times, but that each of these
positive tests were at the beginning of his participation in the SHORT program. In addition,
Hernandez testified that appellant also tested positive for Xanax once. Hernandez is not
an expert in drug testing. She did not testify about the method utilized to perform the
urinalysis tests on appellant. In fact, nothing in the record would support the reliability of
the results of the urinalysis tests performed while appellant was participating in the SHORT
program. Because the evidence was legally insufficient to allow the jury to find that
appellant had actually used drugs while he was participating in the SHORT program, the
trial court abused its discretion in admitting this evidence over appellant’s objection to the
reliability of the urinalysis test results. Stewart, 927 S.W.2d at 208. See also Hernandez
v. State, 55 S.W.3d 701, 705-06 (Tex.App.–Corpus Christi 2001), aff’d by 116 S.W.3d 26
(Tex.Crim.App. 2003) (admission of drug testing results not shown to be reliable is
inadmissible over timely objection); Philpot v. State, 897 S.W.2d 848, 852
(Tex.App.–Dallas 1995, writ ref’d) (same).
          However, even after finding that the trial court erred in admitting the extraneous
offense evidence, we must determine the effect of the erroneous admission. Error in the
admission of evidence of an extraneous offense constitutes nonconstitutional error that is
subject to harm analysis. Boyd v. State, 899 S.W.2d 371, 375-76 (Tex.App.–Houston [14th
Dist.] 1995, no writ). We are to disregard nonconstitutional error that does not affect the
substantial rights of the defendant. Tex. R. App. P. 44.2(b). A substantial right is affected
when the error had a substantial and injurious effect or influence in determining the jury’s
verdict. Russell v. State, 113 S.W.3d 530, 549 (Tex.App.–Fort Worth 2003, pet. ref’d) 
(citing King v. State, 953 S.W.2d 266, 271 (Tex.Crim.App. 1997)). 
          In determining whether error had a substantial and injurious effect or influence on
the verdict, we must review the error in relation to the entire proceeding. King v. State, 953
S.W.2d 266, 271 (Tex.Crim.App. 2007); Haley, 173 S.W.3d at 518. The process for
assessing harm due to the erroneous admission of evidence is to isolate the error and all
of its effects and ask whether a rational trier of fact might have reached a different result
if the error and its effects had not occurred. Christopher v. State, 851 S.W.2d 318, 320
(Tex.App.–Dallas 1993, writ ref’d). However, if overwhelming evidence dissipates the
error’s effect upon the jury’s function to the extent that the error did not contribute to the
verdict, then the error is harmless. Id.
          Looking at the entire punishment proceeding, we conclude that the evidence of
appellant’s failed urinalysis tests had no influence or, at worst, only a slight influence on
the jury’s verdict. The testimony of Hernandez regarding appellant’s failed urinalysis tests
was brief, it was offered only in rebuttal to show that appellant had some noncompliance
issues before successfully completing the SHORT program, and the trial court properly
instructed the jury that they could only consider the evidence of an extraneous offense if
they were satisfied beyond a reasonable doubt that appellant committed or was criminally
responsible for the acts. Additionally, the State made no further reference to appellant’s
failed urinalysis tests. In fact, the most logical inference to be drawn from the evidence of
appellant’s failed urinalysis tests, when viewed in context of the entire record of the
punishment proceeding, is that appellant had some compliance issues when he began the
SHORT program, but that he became compliant through the course of the program and
was able to successfully complete the program. Hernandez testified that the final note in
appellant’s file stated that he tested “negative on the pre-graduation UA [urinalysis]. He’s
done a good job in the program.” Viewing the entire punishment proceeding, we cannot
say that the erroneously admitted evidence of appellant’s failed urinalysis tests had a
substantial and injurious effect on the jury’s verdict and, therefore, we conclude that the
error was harmless.
Conclusion
          Having found the trial court’s erroneous admission of evidence to be harmless, we
affirm the judgment.
 
                                                                           Mackey K. Hancock

                                                                                      Justice





Do not publish.