**AFFIRMED and Opinion Filed March 1, 2023**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00806-CR**

**DAMIEN LEWIS BENTON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 15th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 072413**

## MEMORANDUM OPINION

Before Justices Molberg, Partida-Kipness, and Carlyle
Opinion by Justice Carlyle

On June 3, 2020, an eyewitness called 911 after she saw appellant Damien Lewis Benton pointing a long gun at houses in the area. Another witness, a former military ammunition specialist, testified she heard a gunshot that sounded like it came from a .22. Police arrived soon after and arrested Mr. Benton, who had gunshot residue on his hands. They found a loaded .22 rifle nearby, along with spent cartridge casings matching ammunition found both inside the rifle and inside Mr. Benton's car. When interviewed by police, Mr. Benton admitted firing the rifle multiple times at someone he claimed was shooting at him.

The State charged Mr. Benton with unlawfully possessing a firearm as a felon, *see* TEX. PENAL CODE § 46.04, and requested a special issue as to whether he used or exhibited a deadly weapon during the offense, *see* TEX. CODE CRIM. P. art. 42A.054(b). The jury convicted Mr. Benton, affirmatively found that he used or exhibited a deadly weapon, and assessed punishment at fifteen years' imprisonment.

On appeal, Mr. Benton contends the evidence is insufficient to support the deadly weapon finding, arguing that such a finding is impermissible in cases like this where the "gravamen of the primary offense" is the deadly weapon's possession. We disagree.

The deadly weapon statute's purpose "is to discourage and deter felons from taking and using deadly weapons with them as they commit their crimes." *Plummer v. State*, 410 S.W.3d 855, 864 (Tex. Crim. App. 2020). The felon-in-possession statute likewise aims "to keep *violent* offenders from arming themselves and moving about the community." *Boyd v. State*, 899 S.W.2d 371, 374 (Tex. App.—Houston [14th Dist.] 1995, no pet.) (cleaned up); *see Shepperd v. State*, 586 S.W.2d 500, 503 (Tex. Crim. App. Panel No. 2 1979).

The court of criminal appeals has explained that "in order to 'use' a deadly weapon for affirmative finding purposes, the weapon must be utilized to achieve an intended result, namely, the commission of a felony offense separate and distinct from 'mere' possession." *Narron v. State*, 835 S.W.2d 642, 644 (Tex. Crim. App. 1992); *In Ex Parte Petty*, 833 S.W.2d 145, 145 (Tex. Crim. App. 1992). More

–2–

recently, however, the court has clarified that a deadly weapon finding requires only "some facilitation connection between the weapon and" the associated felony. *See Plummer*, 410 S.W.3d at 865. To that end, the court suggests the weapon must "increase the risk of harm," "otherwise contribute to the result," or play a role in "enabling, continuing, or enhancing" the associated felony. *Id.*

Here, although the State did not charge Mr. Benton with a separate felony based on his conduct, there is ample support for finding that he used or exhibited the gun while unlawfully possessing it. *See* TEX. CODE CRIM. P. art. 42A.054(b). The evidence establishes that Mr. Benton fired the gun in a residential neighborhood. In fact, he admitted firing it multiple times and at another person. Thus, this case is distinguishable from *Narron* and *Petty*, where the trial courts entered deadly weapon findings based on "mere possession." *See Narron*, 835 S.W.2d at 644; *Petty*, 833 S.W.2d at 145–46. Indeed, by firing the gun in this manner, Mr. Benton increased the risk of harm associated with unlawfully possessing the gun, and thus there is "some facilitation connection" between the deadly weapon and the associated felony. *See Plummer*, 410 S.W.3d at 865.

Moreover, the deadly weapon finding here amplifies the purposes underlying these statutes, where a violent offender armed himself and moved about the community, visiting this increased danger on an entire neighborhood. *See Plummer*, 410 S.W.3d at 865; *Boyd*, 899 S.W.2d at 374.

We affirm the trial court's judgment.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

210806F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DAMIEN LEWIS BENTON,
Appellant

No. 05-21-00806-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 15th Judicial
District Court, Grayson County,
Texas
Trial Court Cause No. 072413.
Opinion delivered by Justice Carlyle.
Justices Molberg and Partida-Kipness
participating.


Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.


Judgment entered March 1, 2023