Curtis Evans GASTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 54977.

Court of Criminal Appeals of Texas, Panel No. 2.

Dec. 13, 1978.

Chuck Miller and Lawrence B. Mitchell, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Steve Wilensky and Bob Smith, Asst. Dist. Attys., Dallas, for the State.

Before ONION, P. J., and DALLY and VOLLERS, JJ.

## OPINION

VOLLERS, Judge.

Appellant was convicted of possession of controlled substances paraphernalia and punishment was assessed by the court at 365 days in the Dallas County jail. Nine grounds of error are raised by appellant on appeal, but it is only necessary for us to consider one ground since it is dispositive of this case. A brief explanation of the facts surrounding appellant's arrest is necessary for a discussion of this issue.

Officer Richard Bridges of the Dallas Police Department testified that on May 3, 1976, he was investigating a burglary. When he interviewed two people who claimed to have witnessed the offense, one of these witnesses pointed across the street at appellant and another man leaving an apartment and said "There they are," identifying them as the parties who had committed the burglaries. The officer then crossed the street, called out to appellant, and the two men turned and walked away hurriedly. The officer pulled his gun and arrested the appellant for burglary. A second officer was called to the scene, and a subsequent search of appellant revealed a syringe with a trace of heroin.

Appellant's counsel objected to the above testimony concerning the burglary because it constituted an inadmissible extraneous offense. The State responds on appeal that the "evidence surrounding a defendant's arrest is admissible as res gestae."

The term "res gestae" is an often overused phrase that is sometimes loosely used to cover the admission of pertinent evidence surrounding a particular transaction, whether it is an arrest, the commission of an offense or some other pertinent transaction. It is often used to cover the admission of evidence pertaining to those material events and happenings immediately surrounding an event which are interwoven and pertinent to that event. The surrounding transactions which are termed as res gestae are those events which are material to the understanding of the arrest itself and explanatory of what occurred at that time.

■ However, it does not appear that this Court has ever authorized the admission of hearsay statements that the appellant has committed some other offense as a showing of probable cause for an arrest unless an issue as to this probable cause is made a fact issue before the jury. In a proceeding outside the presence of the jury the appellant's attorney challenged the validity of the arrest in this case for lack of probable cause, but this question was not raised in the presence of the jury during the trial. Therefore, the validity of the arrest was not a contested issue before the jury and hearsay evidence concerning probable cause to arrest was not admissible upon this issue. See *Powell v. State*, 478 S.W.2d 95 (Tex.Cr.App.1972).

■ Since the only issue in this case involves whether appellant possessed the syringe with the intent to use it for subcutaneous injection into a human being, it was not necessary to the solution of this issue for the officer to testify that another witness implicated the appellant in a burglary. This evidence simply was not a part of the res gestae and was inadmissible. If the defense had challenged the arrest as invalid as a matter of fact before the jury, the door would have been open for the State to introduce this testimony about the burglary to show probable cause for the arrest. Since such an issue was not raised, the evidence was not admissible, and it was error for the trial court to allow its introduction. There can be no question but that the proof that appellant was involved in a burglary was prejudicial to him in this cause.

For this reason the judgment of the trial court is reversed and the cause is remanded.

DALLY, J., dissents.