**Devena Wilson CLARK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–85–874–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 23, 1986.

On Rehearing Nov. 26, 1986.

Darryl G. Campbell, Houston, for appellant.

John B. Holmes, Jr., Timothy G. Taft, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

Devena Wilson Clark, the appellant, was found to be guilty of possession of cocaine in a jury trial. The jury, after listening to evidence of her two prior convictions for forgery and robbery, assessed punishment at twenty-five years. Appellant raises two points of error questioning whether an extraneous offense was properly admitted under the res gestae exception and whether the cocaine was rendered inadmissible due to a break in the chain of custody. We hold that the details of the extraneous offense were improperly admitted and, therefore, reverse.

A janitor of a bank, erroneously believing appellant to be a bank employee, allowed her to enter the bank around midnight of May 24, 1985. The janitor became suspicious and called bank security. Appellant was later arrested for burglary of a building. A strip search of appellant at the city jail resulted in recovery of a package of cocaine from her bra. At trial the appellant stipulated that her arrest and search were lawful and objected to the introduction of the evidence of the burglary of the bank. The State claims that the evidence is admissible as res gestae.

Res gestae is an over used term that permits the admissibility of evidence surrounding a particular transaction. *Gaston v. State*, 574 S.W.2d 120 (Tex.Crim.App. 1978). The res gestae rule, however, is not without limits. The evidence must still be relevant to some issue and be more probative than prejudicial. *Id.; Maddox v. State*, 682 S.W.2d 563 (Tex.Crim.App.1985); *see also* Tex.R.Crim.Evid. 402, 404. In *Gaston*, in a trial of possession of heroin, evidence of a burglary was inadmissible. The defendant in *Gaston* was arrested when a person identified him as committing a burglary. During the arrest, the police discovered heroin on the defendant. At trial the prosecutor introduced evidence of the burglary even though the lawfulness of the arrest was not an issue in the case. The court of criminal appeals ruled that the evidence should have been excluded because it was not relevant to any issue in the case and was prejudicial. *Gaston*, 574 S.W.2d at 121. The only issue in the case was whether the defendant possessed heroin.

The holding in *Gaston* we believe mandates the exclusion of the burglary evidence. We realize that in *Gaston* the defendant was not caught in the act of burglary as was the appellant. The policy in *Gaston*, however, is similar. The only issue is whether appellant possessed cocaine. The evidence of the burglary was improperly admitted since it was irrelevant and prejudicial. Furthermore, we agree with Judge Clinton that the pre *Gaston* cases automatically allowing the circumstances surrounding the arrest of the accused as res gestae is improper. *See Maddox*, 682 S.W.2d at 566. The evidence must still be relevant to an issue and not unduly prejudicial. The trial court, therefore, abused its discretion in admitting this evidence. *See id.* at 564.

Appellant's second point of error that the cocaine was inadmissible is without merit. Officer Pace gave the package of a white substance to an intermediary officer who delivered the package to Officer Taylor. Officer Taylor had a preliminary test done on the substance in the narcotics division. After determining that the substance was

cocaine, Officer Taylor delivered the package to the chemist lock box for further testing. No officer initialed the package.

The general rule is that any break in the chain of custody goes to the weight of the evidence rather than to the admissibility of the evidence. *Mendoza v. State*, 552 S.W.2d 444, 448–49 (Tex.Crim.App.1977); *Kilburn v. State*, 490 S.W.2d 551, 554 (Tex. Crim.App.1973). An exception to the general rule is that if there is a showing that the evidence has been tampered with then any breaks in the chain of custody go to the admissibility of the evidence. *Salinas v. State*, 507 S.W.2d 730, 731 (Tex.Crim. App.1974). The general rule applies since no tampering was shown. Contrary to appellant's contention, the preliminary testing does not constitute tampering. This process was beneficial to the accused in that two tests were performed on the substance and thereby granting superior accuracy to the results. The cocaine was properly admitted.

We reverse and remand for the reasons set forth.

### OPINION UPON STATE'S MOTION FOR REHEARING

The State has vigorously asserted on motion for rehearing that the admission of the evidence of the burglary was harmless error. Upon further consideration, we agree with the State. The evidence of guilt was overwhelming and the appellant received the minimum possible punishment. The evidence was undisputed that appellant was found in possession of the cocaine in her bra during a strip search in jail. Since she had two prior convictions, the minimum sentence that she could receive was the 25 years that the jury assessed her. *See* Tex. Penal Code § 12.42(d) (Vernon Supp.1986). No possibility exists that the jury increased appellant's punishment as a result of the admission of the extraneous offense. *See Prior v. State*, 647 S.W.2d 956, 959–60 (Tex.Crim.App.1983); *Esquivel v. State*, 595 S.W.2d 516, 529 (Tex.Crim.App.1980). We overrule appellant's first point of error.

For the reasons set forth the State's motion for rehearing is granted and the judgment is affirmed.