NO. 07-07-0100-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 11, 2008
______________________________

RICHARD STEVE PROVENCIO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 17818-B; HONORABLE JOHN BOARD, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Appellant, Richard Steve Provencio, appeals a judgment entered on a jury verdict
convicting him of the offense of Unlawful Possession of a Firearm by a Felon. By his
appeal, appellant challenges the trial courtâs ruling admitting testimonial evidence regarding
an extraneous offense committed by appellant. We affirm.
Â 
Â 
Background
Â Â Â Â Â Â Â Â Â Â On February 4, 2006, two Amarillo Police Officers observed appellantâs vehicle pass
at a high rate of speed. During the officersâ pursuit of appellant, they observed him commit
additional traffic violations. On this basis, the officers turned on their overhead lights and
pulled appellant over.
Â Â Â Â Â Â Â Â Â Â Officer Jones walked to the driverâs side window and made contact with appellant. 
At that time, Jones testified that he smelled a very strong odor of burnt marijuana coming
from the vehicle. Jonesâs partner, Martin Morgan, testified that he also smelled a
marijuana odor that Morgan described as being âfresh,â like the marijuana had just been
smoked. Jones then asked appellant about the smell and appellant stated that it must be
coming from his breath. Jones removed appellant from his vehicle and patted him down
for weapons. During the course of Jonesâs weapons search, he asked appellant if there
was anything in the vehicle that Jones needed to be aware of. Appellant told Jones that
there were âsome roaches in the ashtray.â


 Jones then placed appellant in the backseat
of the patrol car so that the officers could perform a search of appellantâs vehicle.
Â Â Â Â Â Â Â Â Â Â In performing the search of appellantâs vehicle, Jones looked under the driverâs seat 
and saw the butt of a gun sticking out from under the seat. The gun was later identified as
a 9mm Smith and Wesson. Before Jones gave any indication that he had discovered a
gun in appellantâs vehicle, appellant told Officer Morgan that there was a gun under the
console of the vehicle. As a result of the discovery of the gun, appellant was placed under
arrest for unlawful possession of a firearm. Jones continued to search the vehicle and
discovered three marijuana âroachesâ in the ashtray. Subsequently, appellant was indicted
for Unlawful Possession of a Firearm by a Felon.
Â Â Â Â Â Â Â Â Â Â At trial, appellant objected to the Stateâs offer of any evidence regarding marijuana. 
In a hearing held outside of the presence of the jury, appellant objected that this was
evidence of an extraneous offense that is inadmissible under Texas Rules of Evidence 404
and 403.


 The State responded that this evidence provided the âsole basisâ for Jonesâs
search of the vehicle. The trial court overruled appellantâs objection and explained that the
evidence was probative of the officerâs state of mind and why Jones acted as he did. 
Following the courtâs ruling, the State indicated that it intended to offer the actual marijuana
or photos of the marijuana into evidence. After hearing the Stateâs argument, the court
sustained appellantâs Rule 403 objection to the offer of the actual marijuana or photos of
the marijuana that was discovered in appellantâs vehicle. At appellantâs request, when
Jones testified about the marijuana, the trial court instructed the jury that they were not to
consider the evidence regarding the marijuana for the purpose of determining appellantâs
guilt or innocence, but âto understand the state of mind of the officer and why he did what
he did.â
Â Â Â Â Â Â Â Â Â Â On appeal, appellant contends that the trial court abused its discretion by admitting
the testimonial evidence regarding the presence of marijuana in appellantâs vehicle while
ruling that the admission of physical evidence of the marijuana would be more prejudicial
than probative. By his brief, appellant challenges the trial courtâs ruling admitting the
testimonial evidence under both rule 404(b) and rule 403.
Standard of Review
Â Â Â Â Â Â Â Â Â Â As appellantâs issue challenges the trial courtâs decision to admit certain evidence,
we must review the courtâs ruling to determine if the court abused its discretion. Mozon v.
State, 991 S.W.2d 841, 846 (Tex.Crim.App. 1999). A reviewing court should not reverse
a trial judgeâs decision whose ruling is within the zone of reasonable disagreement. Green
v. State, 934 S.W.2d 92, 102 (Tex.Crim.App. 1996). A trial courtâs ruling on admissibility
should not be disturbed simply because the appellate court might have decided a question
differently. Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Crim.App. 1990) (op. on
rehâg). If evidence is admissible for any purpose, the trial court's action in admitting it is
not error, regardless of the reason given by the trial court for admitting the evidence. 
Sewell v. State, 629 S.W.2d 42, 45 (Tex.Crim.App. 1982). 
Rule 404(b)
Â Â Â Â Â Â Â Â Â Â Rule 404(b) embodies the established principle that a defendant not be tried for
collateral crimes or for being a criminal generally. Russell v. State, 113 S.W.3d 530, 535
(Tex.App.âFort Worth 2003, pet. refâd). As a result, evidence of extraneous offenses is not
admissible at the guilt-innocence phase of trial to prove that a defendant acted in
conformity with his character by committing the charged offense. Id. However, an
extraneous offense has noncharacter-conformity relevance where it has any tendency to
make the existence of a fact of consequence to the determination of the case more or less
probable than it would be without the evidence. Id. Thus, evidence of extraneous offenses
may be admissible for purposes other than character conformity, such as proof of motive,
opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or
accident. Rule 404(b). The clear language of the rule illustrates that the list of purposes
is not intended to be exhaustive. Garcia v. State, 201 S.W.3d 695, 703 (Tex.Crim.App.
2006). The State, as the proponent of the evidence, bears the burden of establishing its
admissibility. Russell, 113 S.W.3d at 535.
Â Â Â Â Â Â Â Â Â Â In Christopher v. State, 833 S.W.2d 526 (Tex.Crim.App. 1992), the Court of Criminal
Appeals held evidence that appellant was driving a stolen car when he was arrested was
not admissible. Id. at 529. In that case, the trial court admitted evidence of the extraneous
offense because it established the officersâ probable cause to stop and arrest the
appellant. See id. The Court of Criminal Appeals noted that â. . . the State is entitled to
put on evidence of what occurred immediately before and after the commission of an
offense, if that evidence is relevant to something at issue in the case, and is not inherently
prejudicial.â Id. (citing Couret v. State, 792 S.W.2d 106 (Tex.Crim.App. 1990); Maddox v.
State, 682 S.W.2d 563 (Tex.Crim.App. 1985); Gaston v. State, 574 S.W.2d 120
(Tex.Crim.App. 1978)) (emphasis in original). The Court explained that, while evidence
that the car was stolen was relevant to the determination of probable cause, because
probable cause was not contested in the case, this extraneous offense evidence was not
relevant to an issue in the case. See id. Therefore, the Court held that the trial courtâs
admission of this evidence was error. See id.
Â Â Â Â Â Â Â Â Â Â In the present case, the State responded to appellantâs objection to the admission
of any evidence regarding his possession of marijuana by arguing that this evidence
provided the âsole basisâ for Jonesâs search of the vehicle. We construe this argument as
contending that the evidence of appellantâs possession of marijuana was necessary for the
State to establish that Jones had probable cause to search appellantâs vehicle. The trial
court, in overruling appellantâs objection to the testimonial evidence, stated that the
evidence was probative of the officerâs state of mind and explained why he acted as he did. 
However, because the legality of Jonesâs search of appellantâs vehicle was not contested
by appellant, the evidence of appellantâs possession of marijuana was not relevant to any
issue in the case and the trial courtâs admission of this evidence constituted an abuse of
discretion. See id. We sustain appellantâs first issue.
Rule 403
Â Â Â Â Â Â Â Â Â Â Having found that the trial court abused its discretion in overruling appellantâs rule
404(b) objection to the evidence of his marijuana possession, we need not address
appellantâs issue relating to his rule 403 objection.
Harm Analysis
Â Â Â Â Â Â Â Â Â Â However, even after finding that the trial court erred in admitting the extraneous
offense evidence, we must determine the effect of the erroneous admission. Error in the
admission of evidence of an extraneous offense constitutes nonconstitutional error that is
subject to harm analysis. Boyd v. State, 899 S.W.2d 371, 375-76 (Tex.App.âHouston [14th
Dist.] 1995, no writ). We are to disregard nonconstitutional error that does not affect the
substantial rights of the defendant. Tex. R. App. P. 44.2(b). A substantial right is affected
when the error had a substantial and injurious effect or influence in determining the juryâs
verdict. Russell, 113 S.W.3d at 549 (citing King v. State, 953 S.W.2d 266, 271
(Tex.Crim.App. 1997)). 
Â Â Â Â Â Â Â Â Â Â In determining whether the admission of testimony of an extraneous offense was
harmful to the defendant, we are to consider everything in the record, including the
testimony and physical evidence admitted for the juryâs consideration, the nature of the
evidence supporting the verdict, the character of the error and how the error might be
considered with other evidence, the jury instructions, the Stateâs theory of the case, any
defensive theories, and closing arguments. Morales v. State, 32 S.W.3d 862, 867
(Tex.Crim.App. 2000). We are not to ask whether the jury reached the proper result, but
rather whether the jurors were able to properly apply the law to the facts in reaching a
verdict. Christopher v. State, 851 S.W.2d 318, 320 (Tex.App.âDallas 1993, writ refâd). The
process for assessing harm due to the erroneous admission of evidence is to isolate the
error and all of its effects and ask whether a rational trier of fact might have reached a
different result if the error and its effects had not occurred. Id. If overwhelming evidence
dissipates the errorâs effect upon the juryâs function to the extent that the error did not
contribute to the verdict, then the error is harmless. Id.
Â Â Â Â Â Â Â Â Â Â The evidence at issue in the present case was Jones and Morganâs testimony
regarding appellantâs possession of marijuana. During direct examination by the State,
Jones testified as follows:
[Prosecutor]: When you went up to the car, what did he do?
[Jones]: He rolled down his window.
[Prosecutor]: And when he rolled down the window, did you notice anything
unusual?
[Jones]: Yes. I smelled the odor of burnt marijuana coming from inside of the
vehicle.
[Prosecutor]: Now, you said you noticed the odor of burnt marijuana. During
â during your times as a police officer, have you received training and then
just on-the-field experience as to detecting the smell of certain types of
narcotics?
[Jones]: Yes, I have.
* * * *
[Prosecutor]: When you say you smelled the smell of burning marijuana â or
burnt marijuana, was it coming â or could you tell if it was coming from within
the vehicle or from his clothing or could you tell?
[Jones]: I couldnât tell.
[Prosecutor]: Okay. Was it a strong smell or a faint smell?
[Jones]: It was very strong.
[Prosecutor]: And based on that, what did you say to him?
[Jones]: I asked him about the odor that I smelled â coming from inside of
the vehicle.
[Prosecutor]: And what did he say?
[Jones]: He said that it must be coming from his breath.
[The Court]: At this time, ladies and gentlemen, let me just instruct you with
regard to the evidence that youâve heard and that you will hear about the
marijuana, youâre to consider that not for the purpose of determining guilt or
innocence of what the Defendantâs charged with in this case, but to
understand the state of mind of the officer and why he did what he did.
* * * *
[Prosecutor]: Okay. Once you smell narcotics coming from a vehicle â
something that you recognize to be narcotics, are you able to then search
the vehicle for those narcotics?
[Jones]: Yes, I am.
* * * *
[Prosecutor]: When â when he â when you got him out of the car and started
to do that [place him in the officerâs patrol car], did he say anything else to
you about the narcotics?
[Jones]: As I was patting him down I asked him if there was anything in the
vehicle I needed to know about, and he made the comment that there were
some roaches in the ashtray.
At this point, the State questioned Jones regarding the meaning of the term âroachesâ and
Jones testified that it is a slang reference to the left-over portion of a marijuana cigarette.
Following this line of questioning, Jones testified about the discovery of the gun under the
driverâs seat of appellantâs vehicle. Toward the conclusion of Jonesâs direct examination,
Jones testified as follows:
[Prosecutor]: Now, did you continue to look in the vehicle for the narcotics?
[Jones]: Yes, I did.
[Prosecutor]: And did you find any?
[Jones]: Yes, I did.
[Prosecutor]: Where did you find the narcotics?
[Jones]: In the ashtray.
[Prosecutor]: Is that where he told you that the roaches were?
[Jones]: Yes, he did.
[Prosecutor]: What did you find in the ashtray exactly?
[Jones]: There were two â actually there were three blunts. Two of them
were rolled in cigar paper â or not blunts, Iâm sorry â roaches that were rolled
in cigar papers and one was rolled in regular cigarette paper.
Â 
Subsequent to the above testimony, the State offered pictures of the marijuana found in
the ashtray for admission into evidence. Appellant again objected and the trial court
sustained the objection. Officer Morgan testified that he also smelled the marijuana odor
coming from the vehicle. Morgan described the odor as smelling âfresh,â like the marijuana
had just been smoked.
Â Â Â Â Â Â Â Â Â Â During closing arguments, the State again referenced appellantâs possession of
marijuana. The State argued that, 
This man, Richard Provencio, let me suggest to you is a man that has no
regard for the law.
* * * *
Hereâs a guy in September of 2001 gets a four-year prison sentence for a
drug offense, a second-degree drug offense, serves part of his four years,
gets out on parole, serves the rest of the four years, and within six months
is driving down the streets of our town at 70 to 80 miles an hour, 12:00 a.m.
in the morning, with the smell of marijuana filling his car, marijuana â
smoked-down marijuana cigarettes and blunts in his ashtray, and a loaded
weapon directly underneath the seat where heâs driving.
Â 
Later in closing arguments, the State again referenced appellantâs possession of marijuana
to refute appellantâs challenge to whether he knowingly possessed the firearm. The State
argued,
That alone proves he had care, custody, and control of that gun. . . . why
didnât he follow that with, because my girlfriend left it in the car because she
took it to and from work . . . why didnât he tell him that? Because itâs not true. 
. . . He also said, Iâve got the roaches in the ashtray which turned out to be
true. He knew about those too.
Â 
Â Â Â Â Â Â Â Â Â Â While we do not condone the Stateâs closing argument,


 appellant failed to preserve
error in this regard because he failed to object. "[A] defendant's failure to object to a jury
argument . . . forfeits his right to complain about the argument on appeal." Cockrell v.
State, 933 S.W.2d 73, 89 (Tex.Crim.App. 1996). 
Â Â Â Â Â Â Â Â Â Â Considering only the properly preserved error relating to the trial courtâs admission
of Jones and Morganâs testimony of appellantâs possession of marijuana, we conclude that
the admission of this extraneous offense evidence was not harmful to appellant. As
appellantâs sole defensive theory was that he did not knowingly possess the firearm, we
find the testimony of Officer Morgan, that appellant told him that there was a gun in the
vehicle before Officer Jones had in any way indicated that to be the case, to be particularly
compelling. This evidence strongly supports the verdict and negates appellantâs sole
defensive theory. As a result, we conclude that the evidence of appellantâs guilt was
overwhelming. In addition, the trial court did instruct the jury that, as to the evidence of the
marijuana, âyouâre to consider that not for the purpose of determining guilt or innocence of
what the Defendantâs charged with in this case . . . .â Considering the totality of the
proceedings, we conclude that the erroneous admission of evidence that appellant
possessed marijuana did not have a substantial affect on the verdict.
Â 
Conclusion
Â Â Â Â Â Â Â Â Â Â Because we conclude that the trial courtâs erroneous admission of evidence of an
extraneous offense was harmless, we affirm the trial courtâs judgment.
Â 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Mackey K. Hancock

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice







Do not publish. 




























r.htm") ef1;
 mso-footer:url("07-11-0076.cv%20opinion_files/header.htm") f1;
 mso-first-header:url("07-11-0076.cv%20opinion_files/header.htm") fh1;
 mso-first-footer:url("07-11-0076.cv%20opinion_files/header.htm") ff1;
 mso-paper-source:0;}
div.WordSection1
 {page:WordSection1;}
@page WordSection2
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:.5in;
 mso-footer-margin:.5in;
 mso-title-page:yes;
 mso-even-header:url("07-11-0076.cv%20opinion_files/header.htm") eh2;
 mso-header:url("07-11-0076.cv%20opinion_files/header.htm") h2;
 mso-even-footer:url("07-11-0076.cv%20opinion_files/header.htm") ef2;
 mso-footer:url("07-11-0076.cv%20opinion_files/header.htm") f2;
 mso-first-header:url("07-11-0076.cv%20opinion_files/header.htm") fh2;
 mso-first-footer:url("07-11-0076.cv%20opinion_files/header.htm") ff2;
 mso-paper-source:0;}
div.WordSection2
 {page:WordSection2;}
-->








NO. 07-11-0076-CV

Â 

IN THE
COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL B

Â 



MAY
19, 2011

Â 



Â 

CHERYL R.
CROFT AND ALL OTHER OCCUPANTS OF

10418
EASTERN HILL COURT, ROWLETT, TEXAS 
75089,

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellant

V.

Â 

HSBC BANK
USA, NA., AS TRUSTEE FOR THE REGISTERED

HOLDERS OF
RENAISSANCE EQUITY LOAN ASSET-BACKED

CERTIFICATES,
SERIES 2007-3,

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â  Appellee

_____________________________

Â 

FROM THE COUNTY COURT AT LAW NO. 3 OF
DALLAS COUNTY;

Â 

NO. CC-10-06388-C; HONORABLE SALLY
MONTGOMERY, PRESIDING

Â 



Â 

Memorandum
Opinion

Â 



Â 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

Cheryl
R. Croft (appellant) filed a notice of appeal on December 8, 2010.Â  We dismiss the appeal.Â  The clerk=s record was filed with this court on March 29, 2011.Â  No reporterÂs record was taken.Â  AppellantÂs brief was due on April 28, 2011.Â  No brief was filed by that date, so the Court
notified appellant on May 6, 2011, that the due date for the brief had lapsed,
that the brief had not been filed, and that if it was not received by May 16,
2011, the appeal would be dismissed for want of prosecution.Â  To date, no brief or motion to extend the
deadline has been filed.Â  Nor has the
court received any explanation for the omission.

Accordingly,
we dismiss the appeal for want of prosecution. Tex. R. App. P. Â 38.8(a)(1); 42.3(b).

Per Curiam








Â