NO. 07-07-0100-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 11, 2008
_____

RICHARD STEVE PROVENCIO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 17818-B; HONORABLE JOHN BOARD, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Richard Steve Provencio, appeals a judgment entered on a jury verdict convicting him of the offense of Unlawful Possession of a Firearm by a Felon. By his appeal, appellant challenges the trial court's ruling admitting testimonial evidence regarding an extraneous offense committed by appellant. We affirm.

Background

On February 4, 2006, two Amarillo Police Officers observed appellant's vehicle pass at a high rate of speed. During the officers' pursuit of appellant, they observed him commit additional traffic violations. On this basis, the officers turned on their overhead lights and pulled appellant over.

Officer Jones walked to the driver's side window and made contact with appellant. At that time, Jones testified that he smelled a very strong odor of burnt marijuana coming from the vehicle. Jones's partner, Martin Morgan, testified that he also smelled a marijuana odor that Morgan described as being "fresh," like the marijuana had just been smoked. Jones then asked appellant about the smell and appellant stated that it must be coming from his breath. Jones removed appellant from his vehicle and patted him down for weapons. During the course of Jones's weapons search, he asked appellant if there was anything in the vehicle that Jones needed to be aware of. Appellant told Jones that there were "some roaches in the ashtray."[1] Jones then placed appellant in the backseat of the patrol car so that the officers could perform a search of appellant's vehicle.

In performing the search of appellant's vehicle, Jones looked under the driver's seat and saw the butt of a gun sticking out from under the seat. The gun was later identified as a 9mm Smith and Wesson. Before Jones gave any indication that he had discovered a gun in appellant's vehicle, appellant told Officer Morgan that there was a gun under the

---

[1] According to Jones's testimony, he understood appellant's use of the term "roaches" to refer to the left-over portion of a marijuana cigarette.

console of the vehicle. As a result of the discovery of the gun, appellant was placed under arrest for unlawful possession of a firearm. Jones continued to search the vehicle and discovered three marijuana "roaches" in the ashtray. Subsequently, appellant was indicted for Unlawful Possession of a Firearm by a Felon.

At trial, appellant objected to the State's offer of any evidence regarding marijuana. In a hearing held outside of the presence of the jury, appellant objected that this was evidence of an extraneous offense that is inadmissible under Texas Rules of Evidence 404 and 403.[2] The State responded that this evidence provided the "sole basis" for Jones's search of the vehicle. The trial court overruled appellant's objection and explained that the evidence was probative of the officer's state of mind and why Jones acted as he did. Following the court's ruling, the State indicated that it intended to offer the actual marijuana or photos of the marijuana into evidence. After hearing the State's argument, the court sustained appellant's Rule 403 objection to the offer of the actual marijuana or photos of the marijuana that was discovered in appellant's vehicle. At appellant's request, when Jones testified about the marijuana, the trial court instructed the jury that they were not to consider the evidence regarding the marijuana for the purpose of determining appellant's guilt or innocence, but "to understand the state of mind of the officer and why he did what he did."

On appeal, appellant contends that the trial court abused its discretion by admitting the testimonial evidence regarding the presence of marijuana in appellant's vehicle while

---

[2] Unless otherwise indicated, all further references to rules are to the Texas Rules of Evidence.

3

ruling that the admission of physical evidence of the marijuana would be more prejudicial than probative.  By his brief, appellant challenges the trial court's ruling admitting the testimonial evidence under both rule 404(b) and rule 403.

## Standard of Review

As appellant's issue challenges the trial court's decision to admit certain evidence, we must review the court's ruling to determine if the court abused its discretion.  Mozon v. State, 991 S.W.2d 841, 846 (Tex.Crim.App. 1999).  A reviewing court should not reverse a trial judge's decision whose ruling is within the zone of reasonable disagreement.  Green v. State, 934 S.W.2d 92, 102 (Tex.Crim.App. 1996).  A trial court's ruling on admissibility should not be disturbed simply because the appellate court might have decided a question differently.  Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Crim.App. 1990) (op. on reh'g).  If evidence is admissible for any purpose, the trial court's action in admitting it is not error, regardless of the reason given by the trial court for admitting the evidence.  Sewell v. State, 629 S.W.2d 42, 45 (Tex.Crim.App. 1982).

## Rule 404(b)

Rule 404(b) embodies the established principle that a defendant not be tried for collateral crimes or for being a criminal generally.  Russell v. State, 113 S.W.3d 530, 535 (Tex.App.–Fort Worth 2003, pet. ref'd). As a result, evidence of extraneous offenses is not admissible at the guilt-innocence phase of trial to prove that a defendant acted in conformity with his character by committing the charged offense.  Id.  However, an extraneous offense has noncharacter-conformity relevance where it has any tendency to

4

make the existence of a fact of consequence to the determination of the case more or less probable than it would be without the evidence. Id. Thus, evidence of extraneous offenses may be admissible for purposes other than character conformity, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Rule 404(b). The clear language of the rule illustrates that the list of purposes is not intended to be exhaustive. Garcia v. State, 201 S.W.3d 695, 703 (Tex.Crim.App. 2006). The State, as the proponent of the evidence, bears the burden of establishing its admissibility. Russell, 113 S.W.3d at 535.

In Christopher v. State, 833 S.W.2d 526 (Tex.Crim.App. 1992), the Court of Criminal Appeals held evidence that appellant was driving a stolen car when he was arrested was not admissible. Id. at 529. In that case, the trial court admitted evidence of the extraneous offense because it established the officers' probable cause to stop and arrest the appellant. See id. The Court of Criminal Appeals noted that ". . . the State is entitled to put on evidence of what occurred immediately before and after the commission of an offense, if that evidence is relevant to something at issue in the case, and is not inherently prejudicial." Id. (citing Couret v. State, 792 S.W.2d 106 (Tex.Crim.App. 1990); Maddox v. State, 682 S.W.2d 563 (Tex.Crim.App. 1985); Gaston v. State, 574 S.W.2d 120 (Tex.Crim.App. 1978)) (emphasis in original). The Court explained that, while evidence that the car was stolen was relevant to the determination of probable cause, because probable cause was not contested in the case, this extraneous offense evidence was not relevant to an issue in the case. See id. Therefore, the Court held that the trial court's admission of this evidence was error. See id.

5

In the present case, the State responded to appellant's objection to the admission of any evidence regarding his possession of marijuana by arguing that this evidence provided the "sole basis" for Jones's search of the vehicle. We construe this argument as contending that the evidence of appellant's possession of marijuana was necessary for the State to establish that Jones had probable cause to search appellant's vehicle. The trial court, in overruling appellant's objection to the testimonial evidence, stated that the evidence was probative of the officer's state of mind and explained why he acted as he did. However, because the legality of Jones's search of appellant's vehicle was not contested by appellant, the evidence of appellant's possession of marijuana was not relevant to any issue in the case and the trial court's admission of this evidence constituted an abuse of discretion. See id. We sustain appellant's first issue.

## Rule 403

Having found that the trial court abused its discretion in overruling appellant's rule 404(b) objection to the evidence of his marijuana possession, we need not address appellant's issue relating to his rule 403 objection.

## Harm Analysis

However, even after finding that the trial court erred in admitting the extraneous offense evidence, we must determine the effect of the erroneous admission. Error in the admission of evidence of an extraneous offense constitutes nonconstitutional error that is subject to harm analysis. Boyd v. State, 899 S.W.2d 371, 375-76 (Tex.App.–Houston [14th Dist.] 1995, no writ). We are to disregard nonconstitutional error that does not affect the

6

substantial rights of the defendant. TEX. R. APP. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. Russell, 113 S.W.3d at 549 (citing King v. State, 953 S.W.2d 266, 271 (Tex.Crim.App. 1997)).

In determining whether the admission of testimony of an extraneous offense was harmful to the defendant, we are to consider everything in the record, including the testimony and physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the error and how the error might be considered with other evidence, the jury instructions, the State's theory of the case, any defensive theories, and closing arguments. Morales v. State, 32 S.W.3d 862, 867 (Tex.Crim.App. 2000). We are not to ask whether the jury reached the proper result, but rather whether the jurors were able to properly apply the law to the facts in reaching a verdict. Christopher v. State, 851 S.W.2d 318, 320 (Tex.App.–Dallas 1993, writ ref'd). The process for assessing harm due to the erroneous admission of evidence is to isolate the error and all of its effects and ask whether a rational trier of fact might have reached a different result if the error and its effects had not occurred. Id. If overwhelming evidence dissipates the error's effect upon the jury's function to the extent that the error did not contribute to the verdict, then the error is harmless. Id.

The evidence at issue in the present case was Jones and Morgan's testimony regarding appellant's possession of marijuana. During direct examination by the State, Jones testified as follows:

7

[Prosecutor]: When you went up to the car, what did he do?

[Jones]: He rolled down his window.

[Prosecutor]: And when he rolled down the window, did you notice anything unusual?

[Jones]: Yes. I smelled the odor of burnt marijuana coming from inside of the vehicle.

[Prosecutor]: Now, you said you noticed the odor of burnt marijuana. During – during your times as a police officer, have you received training and then just on-the-field experience as to detecting the smell of certain types of narcotics?

[Jones]: Yes, I have.

* * * *

[Prosecutor]: When you say you smelled the smell of burning marijuana – or burnt marijuana, was it coming – or could you tell if it was coming from within the vehicle or from his clothing or could you tell?

[Jones]: I couldn't tell.

[Prosecutor]: Okay. Was it a strong smell or a faint smell?

[Jones]: It was very strong.

[Prosecutor]: And based on that, what did you say to him?

[Jones]: I asked him about the odor that I smelled – coming from inside of the vehicle.

[Prosecutor]: And what did he say?

[Jones]: He said that it must be coming from his breath.

[The Court]: At this time, ladies and gentlemen, let me just instruct you with regard to the evidence that you've heard and that you will hear about the marijuana, you're to consider that not for the purpose of determining guilt or innocence of what the Defendant's charged with in this case, but to understand the state of mind of the officer and why he did what he did.

* * * *

[Prosecutor]: Okay. Once you smell narcotics coming from a vehicle – something that you recognize to be narcotics, are you able to then search the vehicle for those narcotics?

[Jones]: Yes, I am.

* * * *

8

[Prosecutor]: When – when he – when you got him out of the car and started to do that [place him in the officer's patrol car], did he say anything else to you about the narcotics?

[Jones]: As I was patting him down I asked him if there was anything in the vehicle I needed to know about, and he made the comment that there were some roaches in the ashtray.

At this point, the State questioned Jones regarding the meaning of the term "roaches" and Jones testified that it is a slang reference to the left-over portion of a marijuana cigarette. Following this line of questioning, Jones testified about the discovery of the gun under the driver's seat of appellant's vehicle. Toward the conclusion of Jones's direct examination, Jones testified as follows:

[Prosecutor]: Now, did you continue to look in the vehicle for the narcotics?

[Jones]: Yes, I did.

[Prosecutor]: And did you find any?

[Jones]: Yes, I did.

[Prosecutor]: Where did you find the narcotics?

[Jones]: In the ashtray.

[Prosecutor]: Is that where he told you that the roaches were?

[Jones]: Yes, he did.

[Prosecutor]: What did you find in the ashtray exactly?

[Jones]: There were two – actually there were three blunts. Two of them were rolled in cigar paper – or not blunts, I'm sorry – roaches that were rolled in cigar papers and one was rolled in regular cigarette paper.

Subsequent to the above testimony, the State offered pictures of the marijuana found in the ashtray for admission into evidence. Appellant again objected and the trial court sustained the objection. Officer Morgan testified that he also smelled the marijuana odor

9

coming from the vehicle.  Morgan described the odor as smelling "fresh," like the marijuana had just been smoked.

During closing arguments, the State again referenced appellant's possession of marijuana.  The State argued that,

> This man, Richard Provencio, let me suggest to you is a man that has no regard for the law.
>
> * * * *
>
> Here's a guy in September of 2001 gets a four-year prison sentence for a drug offense, a second-degree drug offense, serves part of his four years, gets out on parole, serves the rest of the four years, and within six months is driving down the streets of our town at 70 to 80 miles an hour, 12:00 a.m. in the morning, with the smell of marijuana filling his car, marijuana – smoked-down marijuana cigarettes and blunts in his ashtray, and a loaded weapon directly underneath the seat where he's driving.

Later in closing arguments, the State again referenced appellant's possession of marijuana to refute appellant's challenge to whether he knowingly possessed the firearm.  The State argued,

> That alone proves he had care, custody, and control of that gun. . . . why didn't he follow that with, because my girlfriend left it in the car because she took it to and from work . . . why didn't he tell him that?  Because it's not true. . . . He also said, I've got the roaches in the ashtray which turned out to be true.  He knew about those too.

10

While we do not condone the State's closing argument,[3] appellant failed to preserve error in this regard because he failed to object. "[A] defendant's failure to object to a jury argument . . . forfeits his right to complain about the argument on appeal." Cockrell v. State, 933 S.W.2d 73, 89 (Tex.Crim.App. 1996).

Considering only the properly preserved error relating to the trial court's admission of Jones and Morgan's testimony of appellant's possession of marijuana, we conclude that the admission of this extraneous offense evidence was not harmful to appellant. As appellant's sole defensive theory was that he did not knowingly possess the firearm, we find the testimony of Officer Morgan, that appellant told him that there was a gun in the vehicle before Officer Jones had in any way indicated that to be the case, to be particularly compelling. This evidence strongly supports the verdict and negates appellant's sole defensive theory. As a result, we conclude that the evidence of appellant's guilt was overwhelming. In addition, the trial court did instruct the jury that, as to the evidence of the marijuana, "you're to consider that not for the purpose of determining guilt or innocence of what the Defendant's charged with in this case . . . ." Considering the totality of the proceedings, we conclude that the erroneous admission of evidence that appellant possessed marijuana did not have a substantial affect on the verdict.

---

[3] The State's closing argument advances the theory that it is appellant's character to commit crime and that he acted in accordance with that character on the night in question. Clearly, this is precisely the sort of character conformity evidence that rule 404 was designed to prevent. However, as addressed below, appellant failed to assert a timely objection to the State's argument and, therefore, any error or harm caused by the State's closing argument was waived.

Conclusion

Because we conclude that the trial court's erroneous admission of evidence of an extraneous offense was harmless, we affirm the trial court's judgment.


Mackey K. Hancock
Justice


Do not publish.