# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00167-CR

**Ismael Sarinana, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM COUNTY COURT AT LAW NO. 2 OF BELL COUNTY,
### NO. 2C10-02955, HONORABLE JOHN MICHAEL MISCHTIAN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Ismael Sarinana was charged with assaulting Esmeralda Guerrero, who was a member of his family. *See* Tex. Penal Code § 22.01(a). The alleged assault occurred at the home that Sarinana and Guerrero were living in. During the trial, Sarinana, Guerrero, and one of the police officers who responded to the scene, Joshua Moore, all testified regarding the events that occurred. At the conclusion of the trial, the jury found Sarinana guilty and imposed a sentence of 300 days in jail. *See id.* §§ 22.01(b) (explaining that offense is class A misdemeanor), 12.21 (providing that punishment for Class A misdemeanor may not exceed confinement for 1 year). After his sentence was imposed, Sarinana appealed his conviction. We will affirm the trial court's judgment of conviction.

## STANDARD OF REVIEW

All of the issues presented on appeal challenge the trial court's rulings regarding the admission of evidence. Appellate courts review a trial court's evidentiary rulings under an abuse-of-

discretion standard of review. *Page v. State*, 213 S.W.3d 332, 337 (Tex. Crim. App. 2006). Under that standard, a trial court's decision to admit or exclude evidence is given wide latitude, and its ruling will only be deemed an abuse of discretion if it is so clearly wrong as to lie outside the zone of reasonable disagreement, *Lopez v. State*, 86 S.W.3d 228, 230 (Tex. Crim. App. 2002), or is arbitrary or unreasonable, *State v. Mechler*, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005).

## DISCUSSION

On appeal, Sarinana presents two issues challenging his conviction. In his first issue, Sarinana contends that the trial court erred by allowing Officer Moore to read portions of his police report to the jury. Specifically, he contends that the testimony was hearsay and that it impermissibly bolstered the prior testimony of Guerrero. In his second issue, Sarinana argues that the trial court erred by allowing the State to discuss the basis for his arrest and by allowing the arresting officer to "recite before the jury the basis for arresting" him.

### Hearsay and Bolstering

As mentioned above, in his first issue, Sarinana contends that the trial court erred by allowing Officer Moore to read portions of the police report that he made when taking a statement from Guerrero. That report chronicles the conversation that he had with Guerrero after he arrived on the scene of the alleged assault. Sarinana argues that the testimony was hearsay and impermissibly bolstered the prior testimony of Guerrero regarding the alleged assault.

At trial, Sarinana objected to this portion of Officer Moore's testimony on hearsay grounds. *See* Tex. R. Evid. 801 (defining hearsay as "a statement, other than one made by the

2

declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted"), 802 (providing that hearsay "is not admissible except as provided by statute or these rules"). In response, the State urged that Officer Moore's testimony was not hearsay because it fell under the excited-utterance exception to hearsay. *See id.* R. 803(2). That exception excludes from hearsay statements "relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." *Id.*

Before reading from his report, Officer Moore explained that, on the night in question, he was notified of a possible disturbance at Sarinana and Guerrero's home, and he estimated that he arrived at the home within 5 minutes of receiving the call. When describing what he observed upon his arrival, he stated that he saw Sarinana standing outside the home and heard Guerrero crying. Moreover, Officer Moore related that he observed a blood trail and saw broken glass. Furthermore, he testified that when he went to talk with Guerrero, she appeared "hysterical" and "was crying, embarrassed, [and] very upset." In addition, he related that he "could not get her to calm down." Officer Moore also testified that he started asking Guerrero questions while she was upset, and her answers formed the basis for his testimony and for the report that he prepared.

In light of the preceding, we cannot conclude that the trial court abused its discretion by determining that the testimony qualified under the excited-utterance exception to hearsay and, therefore, by overruling Sarinana's hearsay objection.[1]

---

[1] In his brief, Sarinana contends that the officer should not have been allowed to read his report because the report was consistent with the testimony that Guerrero gave at trial and because consistent statements are not admissible under Rule of Evidence 613(c). *See* Tex. R. Evid. 613(c) (providing that, in general, "[a] prior statement of a witness which is consistent with the testimony of the witness is inadmissible"). Assuming for the sake of argument that Rule 613 applies to the

As discussed above, Sarinana also objected to Officer's Moore's reading from his report on the ground that it constituted impermissible bolstering of Guerrero's prior testimony. The term bolstering is used to refer to evidence that is offered for the *sole* purpose of persuading the fact-finder that a prior witness "is worthy of credit, without substantively contributing 'to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.'" *Cohn v. State*, 849 S.W.2d 817, 819-20 (Tex. Crim. App. 1993) (quoting Tex. R. Evid. 401). Accordingly, if the evidence "corroborates another witness's story or enhances inferences to be drawn from another source of evidence, in the sense that it has an incrementally *further* tendency to establish [a] fact of consequence," then it does not constitute bolstering. *Id.* at 820.

Before Officer Moore read from his report, Sarinana asked during his cross-examination of Moore about his training and his ability to "write a full, accurate[,] and complete report." Next, Sarinana questioned the accuracy of the report by inquiring whether Officer Moore knew that there was a witness at the scene and then pointing out that there is no mention of the witness in the report. Further, Sarinana noted that there was nothing in the report detailing any conversation that any officer had with the witness. Moreover, Sarinana inquired whether Officer Moore was familiar with the allegations against Sarinana, mentioned that there were allegations

circumstances present here, Sarinana did not make a similar argument to the trial court and, therefore, failed to preserve this argument for appeal. *See* Tex. R. App. P. 33.1 (explaining that to preserve issue for appellate review, record must show that "the complaint was made to the trial court" and that court either made ruling or refused to); *Perry v. State*, 367 S.W.3d 690, 694 (Tex. App.—Texarkana 2012, no pet.) (concluding that issue was not preserved for appellate review when "complaint made on appeal does not comport with the complaint made at trial").

that Sarinana broke Guerrero's phone and forcibly removed her clothing, and questioned Moore about why he did not search for or collect the phone or the clothes.

After Sarinana finished his questioning of Officer Moore, the State urged that Sarinana had questioned the accuracy of the report and of Moore's investigation. Further, the State argued that "[w]ithin that report are statements that show it was a complete report" and that at the time that the report was made Officer Moore was focused on obtaining a statement from Guerrero instead of gathering evidence. Accordingly, the State argued that it was "entitled to go into how thorough the report was to show that" Officer Moore was preserving other types of "evidence and document[ing] it in his report" and to combat the impression that Moore "didn't do a good job because he didn't find clothes and a phone." In response, Sarinana made his bolstering objection, which the trial court overruled.

We note that given recent case law by this Court, it is not entirely clear that a bolstering objection actually preserves error for review. *See Lubojasky v. State*, No. 03-10-00780-CR, 2012 Tex. App. LEXIS 8760, at *48 n.13 (Tex. App.—Austin Oct. 19, 2012, pet. ref'd) (mem. op., not designated for publication); *Muniz-Luna v. State*, No. 03-09-00266-CR, 2010 Tex. App. LEXIS 7989, at *7 n.4 (Tex. App.—Austin Sept. 30, 2010, pet. ref'd) (mem. op., not designated for publication); *Biddy v. State*, No. 03-01-00182-CR, 2002 Tex. App. LEXIS 2593, at *7 n.3 (Tex. App.—Austin Apr. 11, 2002, no pet.) (not designated for publication).[2]

_____

[2] Prior to the adoption of the Rules of Evidence, bolstering was a proper objection, but the Rules do not contain a provision expressly covering bolstering. *See Cohn v. State*, 849 S.W.2d 817, 821 (Tex. Crim. App. 1993) (Campbell, J., concurring) (stating that bolstering objection should no longer be recognized because "an objection that certain evidence is 'bolstering' in no way invokes the Rules or informs the trial court of the basis for exclusion under the Rules"); *see also Rivas v. State*,

Assuming for the sake of argument that Sarinana has properly presented an issue for review, in light of Sarinana's questioning of Officer Moore and of the reasons given by the State regarding why it was necessary for Officer Moore to read from his report, we cannot conclude that the trial court abused its discretion by determining that the evidence was not being offered for the *sole* purpose of showing that Guerrero's prior testimony was credible. *Cf.* Tex. R. Evid. 107 (explaining that if part of writing is given in evidence, remainder may be inquired into and that writing may "be given in evidence" if "necessary to make it fully understood or explain the same"); *Walters v. State*, 247 S.W.3d 204, 217-18 (Tex. Crim. App. 2007) (noting that rule of optional completeness is exception to hearsay rule, allows introduction of evidence necessary to explain matter discussed by opposing party, and is designed to reduce possibility that jury will receive false impression).

For these reasons, we overrule Sarinana's first issue on appeal.

**Basis for Arrest**

In addition to objecting to the portions of Officer Moore's testimony in which he read from his police report, Sarinana also objected to Officer Moore's testimony given beforehand that discussed his observations on the night in question and his interaction with Guerrero shortly after the incident. First, Sarinana objected on the ground that Officer Moore's testimony was hearsay and then urged that Officer Moore's testimony constituted impermissible bolstering. The

275 S.W.3d 880, 886-87 (Tex. Crim. App. 2009) (explaining that "bolstering" objections are ambiguous because law addressing those objections predates Rules of Evidence but also because term implicates several Rules and that "[m]any appellate courts have cited the *Cohn* concurrence as authority to abandon 'bolstering' as a valid objection to preserve error for review").

State responded by saying that his testimony was not hearsay and that "[t]hese are facts that are at issue, Your Honor, and we're required to prove them beyond a reasonable doubt. It also forms the basis of the arrest. . . . We need to establish why he was later arrested and charged with assault with bodily injury." Once the State finished its explanation, Sarinana asserted that he was "not contesting the right to arrest" or "raising probable cause" and that the State was "not entitled to go into it in front of the jury, and I object." After Sarinana made this final objection, the trial court overruled it. This final objection forms the basis for his second issue on appeal, and he argues in this issue that the trial court erred by overruling his objection because he did not challenge the existence of probable cause or the basis for the arrest.

As a preliminary matter, we note that it is not entirely clear what Sarinana's challenge extends to. From his brief, it seems that he is asserting that Officer Moore should not have been able to provide testimony regarding Guerrero's statements that Sarinana broke her phone and forcibly removed her clothing.[3] However, the record shows that these events occurred as part of the alleged assault on Guerrero or immediately before or after the assault, and evidence of extraneous offenses of this nature can be admitted as same transaction contextual evidence, which is evidence of other offenses that are connected with the offense charged. *See Wyatt v. State*, 23 S.W.3d 18, 25 (Tex.

---

[3] As support for his argument, Sarinana refers to two cases in which the court of criminal appeals reversed criminal convictions because evidence of extraneous offenses was admitted during the trials. *See Christopher v. State*, 833 S.W.2d 526, 527, 529 (Tex. Crim. App. 1992) (addressing conviction for burglary of items that were found in car driven by defendant and determining that because defendant did not challenge during trial existence of probable cause to support police officer's decision to stop vehicle, trial court erred by admitting evidence showing that car was stolen); *Gaston v. State*, 574 S.W.2d 120, 121 (Tex. Crim. App. 1978) (reversing conviction for possession of controlled substance when evidence was admitted during trial showing that defendant had committed burglary). We find those cases to be distinguishable from the circumstances present in this case.

Crim. App. 2000). Contextual evidence may be admissible in circumstances like those present here in which "'several crimes are intermixed, or blended with one another, or connected so that they form an indivisible criminal transaction, and full proof by testimony . . . of any one of them cannot be given without showing the others.'" *See Rogers v. State*, 853 S.W.2d 29, 33 (Tex. Crim. App. 1993) (quoting *Mayes v. State*, 816 S.W.2d 79, 87 n.4 (Tex. Crim. App. 1991) (internal citations omitted)); *see also Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000) (explaining that "events do not occur in a vacuum, and the jury has a right to hear what occurred immediately prior to and subsequent to the commission of that act so that it may realistically evaluate the evidence"); *Burks v. State*, 876 S.W.2d 877, 900 (Tex. Crim. App. 1994) (noting that facts and circumstances surrounding commission of offense are necessary to provide jury with complete picture of what occurred).

Furthermore, we cannot agree with Sarinana's suggestion that the evidence was not admissible because he did not challenge the legality of his arrest or request a jury instruction asking the jury to decide whether his arrest was supported by probable cause. *See* Tex. Code Crim. Proc. art. 38.23(a) (providing that if there is indication that evidence was obtained illegally, "the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained"). Officer Moore's testimony may well have been relevant to the propriety of Sarinana's arrest, but it also bore upon the elements of the offense for which Sarinana was charged and tried and for which the State had the burden of proving beyond a reasonable doubt. *See McClellan v. State*, 143 S.W.3d 395, 401 (Tex. App.—Austin 2004, no pet.) (explaining that State has burden to prove that defendant is guilty beyond reasonable doubt).

8

Finally, to the extent that Sarinana contends that the portions of Officer Moore's testimony in which he related the statements that Guerrero made to him at the scene were hearsay and should not have been admitted, the reasons articulated above concerning the excited utterance exception to hearsay would seem equally applicable to these portions of Officer Moore's testimony as well.

In light of the preceding, we cannot conclude that the trial court abused its discretion by overruling Sarinana's challenge to Officer Moore's testimony. Accordingly, we overrule Sarinana's second issue on appeal.

## CONCLUSION

Having overruled Sarinana's two issues on appeal, we affirm the trial court's judgment of conviction.

_____

David Puryear, Justice

Before Justices Puryear, Rose, and Goodwin

Affirmed

Filed:   August 27, 2014

Do Not Publish